COMANCHE MINING COMPANY, respondent, *v.* RUMLEY *et al.*, appellants.

PRACTICE—*judgment entered at succeeding term.* Judgment can be entered on a verdict at a term of the court succeeding that in which it was found by the jury, if the clerk has failed to enter the same.

PRACTICE—*judgment—court can amend.* The court can amend a judgment at a term succeeding that in which it was entered, by inserting the names of the defendants that were specified in the verdict.

PRACTICE—*judgment against defendants individually.* Judgment can be entered against defendants individually, who are named and described in the complaint as a certain company, although they are not members of it, if the jury finds that they are liable individually.

*Appeal from the Second District, Deer Lodge County.*

TEN persons, who described themselves individually and as doing business under the style of the Comanche Mining Company, commenced this action on February 25, 1868, against "C. Rumley, Louis Bugher, Peter Rea, H. Comly and other parties unknown to these plaintiffs, who are doing mining business under the firm name and style of the Rumley and Bugher Mining Company," in the district court for Deer Lodge county. On October 8, 1868, Peter H. Rea and Harry R. Comly filed an answer. Rumley and Bugher also answered on the same day.

The cause was tried in May, 1869, and the jury returned the following verdict, which was filed by the clerk of the court on May 26, 1869.

"John Edwards, Daniel Brown, Duncan Cameron, George Caulderwood, Benjamin Franklin, Nathaniel Heil, H. P.

VOL. I. — 26.

Drennin, Homer Cogswell, Emanuel Brown, John Gerber, who are doing a mining business under the firm name and style of the *Comanche Mining Company*, plaintiffs, v. *C. Rumley, Louis Bugher, Peter Rea* and *H. Comly.*

We, the jury, find for the plaintiffs and against the defendants for the possession of claims Nos. one (1), two (2), three (3), four (4) and five (5) west from discovery, together with discovery claim and claim No. one (1), east from discovery, on the Comanche Extension Lode, as described in plaintiff's complaint, and assess their damage at one ($1) dollar."

The jury also returned their findings upon fourteen issues, which were submitted by the court, and found that the Rumley and Bugher Mining Company was composed of C. Rumley and L. Bugher.

At the next term of the court, in September, 1869, the following judgment was entered on the verdict:

"TERRITORY OF MONTANA, }
    DEER LODGE COUNTY. }

"*In the Second Judicial District Court:*

"COMANCHE MINING COMPANY *v.* RUMLEY AND BUGHER MINING COMPANY.

"This cause having been tried before KNOWLES, J., and a jury, as to certain issues of law and fact, having been argued, and a verdict of the jury having been returned in favor of said plaintiffs.

"Wherefore, it is adjudged that the said Comanche Mining Company, plaintiffs herein, recover of the defendants, the Rumley and Bugher Mining Company, the possession of (description of the property), and, further, that the plaintiffs recover of the defendants the sum of $1 damages for the withholding thereof, and also $1,381.05 costs of this suit, amounting, in whole, to $1,382.05.

"H. KNOWLES, *Judge.*"

At the next term of the court, in December, 1869, the plaintiffs moved to amend the foregoing judgment, by

inserting the names of the plaintiffs and defendants, and charging the amount of the costs. The motion was sustained by the court, KNOWLES, J., and the judgment was entered on December 24, 1869, for Edwards and the other plaintiffs, naming all of them, and against C. Rumley, Louis Bugher, Peter Rea and H. Comly, for the possession of the property in controversy and $1,289.05.

At the trial of the cause, the attorneys stipulated in writing that all the instructions of the court should be deemed duly excepted to.

The defendants Rea and Comly appealed from the judgment and amended judgment.

WOOLFOLK & TOOLE, for appellants.

The defendant is sued as a company. The appellants take issue and deny that the company is composed of Rea, Comly, Rumley and Bugher. The jury find that Rumley and Bugher composed the company. No judgment could be rendered except against the company. The court, without notice to, or the appearance of, Rea and Comly, rendered judgment against them. The court lost jurisdiction of the defendants, and cause, after the May and September terms had adjourned. The judgment in December, 1869, is not an amendment as to appellants. The original decree included all the members of the company, against whom the action was brought. If the respondents were dissatisfied with the original decree, this court should have corrected it. 1 Estee's Pl. 30, 57.

No judgment was entered within the time prescribed by law. *Leviston* v. *Swan*, 33 Cal. 483 ; *Wallace* v. *Eldredge*, 27 id. 495 ; *Bell* v. *Thompson*, 19 id. 708 ; *Swain* v. *Naglee*, 19 id. 127 ; *Branger* v. *Chevalier*, 9 id. 351 ; *Morrison Dapman*, 3 id. 255.

The court erred in its instructions.

MAYHEW & McMURTRY, for respondents.

The court had jurisdiction over the cause, and all defendants appearing in the record at any subsequent terms, after

the May and September terms of court. If the judgment was defective as to parties, the court had authority to order the judgment amended, and cure defects or omissions. *Swain* v. *Naglee,* 19 Cal. 127; *Leviston* v. *Swan,* 33 id. 480; *Browner* v. *Davis,* 15 id. 9.

A court can amend a judgment as to parties, amounts of money, etc., when the record discloses what the actual judgment should be. *Close* v. *Gillispie,* 3 Johns. 526; *Mechanics' Bank* v. *Minithorn,* 19 id. 245; *Lee* v. *Curtis,* 17 id. 85.

Symes, J. This was an action for the recovery of certain quartz lodes and damages for detention. The cause was tried at the May term of the Deer Lodge district court, and a verdict found for the plaintiff, for possession of the property claimed, and one dollar damages. No judgment was rendered at said May term on the verdict. At the following September term a judgment was rendered against two of the defendants, Rumley and Bugher; and at the following December term, 1869, the judgment was amended by the court and rendered against all the defendants, Rumley, Bugher, Rea and Comly. The case comes up on appeal from the judgment roll, there being no statement, and the real question to consider is, did the court err in rendering judgment on the verdict at the next term, and in amending or changing the judgment and rendering it against the other two defendants at the next following term.

The suit was against four defendants, naming them personally, and describing them as the Rumley and Bugher Mining Company. The verdict named all the plaintiffs individually, and all the defendants individually, and found against them all for the possession of the quartz claim and one dollar damages. The clerk neglected his duty as prescribed by the 197th section of the Civil Code, and did not, within twenty-four hours, enter judgment on the verdict.

The authorities are plain to the effect, that the court can, after the term has expired, correct an error appearing on the judgment-roll or from the face of the papers, when it is a

clerical error, or one arising from neglect of an officer of the court. In *Close* v. *Gillispie*, 3 Johns. 527, the court say there can be no doubt that an amendment was proper, when judgment had been entered on a warrant of attorney, and the attorney had neglected to sign the plea, and his name was not inserted in the roll; and cite a case where an amendment, *nunc pro tunc*, was allowed after lapse of several terms, where the clerk who taxed the costs had neglected to sign the roll; also refer to an English case, where the court allowed amendments, rendered necessary by neglect of attorneys, saying that attorneys were officers of the court. In the case of *The President and Directors of Mechanics' Bank* v. *Minithorn*, 19 Johns. 245, the court say they have no doubt of their power to set aside a satisfaction of a judgment, and allow another computation of the amount due and amendment of the judgment, when it appeared that the mistake was one of the clerk of the court, and the amendment was ordered. The cases of *Swain* v. *Neglee*, 19 Cal. 127, and *Leviston* v. *Swan and others*, 33 id. 485, are to the same effect. In the latter case the decree did not mention who was liable for the deficiency, so the clerk could not, on the coming in of the sheriff's report on foreclosure sale, enter up judgment for the deficiency; and the court allowed the amendment by inserting the name of the party liable for the deficiency after the term when judgment was rendered.

Under these authorities it is clear that the court below had the power to render judgment at the next term on the verdict, when the clerk had neglected to do so; and to thereafter amend the judgment by inserting the names of all the defendants named in the verdict of the jury.

Appellants contend that the court erred in rendering judgment at any time against Rea and Comly, because all the defendants were sued as a company, and the jury, by a special finding, found that Rea and Comly were not members of the company. But the defendants were all sued by name for ouster of possession and trespass to property; the additional allegation that they were a company, and de-

scribing them as such, cannot affect the verdict or judgment when the jury found them all individually guilty of the acts complained, in the general verdict, although some of them were found not to be members of the company.

Appellants further except to the ruling of the court, in refusing some instructions offered by defendants. All the law applicable to the case seems to be contained in the instructions given by the court on its own motion, and at request of plaintiffs. Those refused are in effect a repetition of others given, or are based on the theory that defendants could obtain affirmative relief in the action.

The judgment below is affirmed.

*Exceptions overruled.*