## HARVEY, respondent, *v.* WHITLATCH et al., appellants.

PRACTICE—*verdict*—*judgment nunc pro tunc.* After a verdict has been rendered and the clerk has failed to enter judgment thereon at the proper term, the court can enter a judgment *nunc pro tunc* at any succeeding term, if the rights of third parties are not affected.

*Appeal from the Third District, Lewis and Clarke County.*

IN February, 1872, the court, WADE, J., ordered that judgment should be entered *nunc pro tunc* on a verdict rendered in July, 1871. The facts are stated in the opinion.

VOL. I. — 90.

M. BULLARD, for appellants.

SHOBER & LOWRY, for respondent.
No briefs on file.

WADE, C. J.   This case was tried to a jury, at the July term, 1871, of the district court for Lewis and Clarke county, and at that term an order was made that judgment be entered upon the verdict.   The judgment was not entered in pursuance of this order.   At the February term, 1872, of said court, the plaintiff made a motion asking that judgment be entered *nunc pro tunc*, and judgment was entered accordingly.   From the order causing judgment to be entered *nunc pro tunc*, the defendants appeal to this court. The failure to enter judgment upon the verdict, in pursuance of the order therefor, was an omission or mistake of the clerk of court.

There was no error in the entry of the judgment *nunc pro tunc*.   The court is master of its own records for the purpose of correcting clerical errors, and whenever · a clerk of court fails to enter judgment as ordered by the court to do, the court can cause such judgment to be entered at any succeeding term, provided such entry does not interfere with or affect the rights of third persons, and no such rights are presented or appear in this case.

*Judgment affirmed.*