EDWARD CHAPMAN, *et al.,* V. ELIAS SUMMERFIELD.

DEED *by Husband to Wife.* A *bona fide* indebtedness may be paid by the husband to the wife, by a conveyance to her of his real estate, although the husband is in failing circumstances, and the effect may be that the other creditors get nothing.

*Error from Leavenworth District Court.*

EDWARD CHAPMAN and *Sarah W. Chapman* were married in September, 1870, at which time the wife owned in her own right the following property: Eighty acres of land adjoining the city of Emporia, which had been laid out as an addition thereto; two lots on the corner of Vermont and Berkeley streets in the city of Lawrence, and lot No. 122 with a house thereon, on Kentucky street in said city; household goods and jewelry, of the value of $1,000, and about $2,000 in money, part of the proceeds of sales of lots in the aforesaid addition to the city of Emporia. From 1872 to 1875, she realized about $4,000 from the sale of lots in Emporia. At various times she lent her husband the greater part of the money, the largest amount at any one time being $2,000 lent in 1875. Chapman claimed to have conveyed, in 1875, directly to his wife, certain real estate in Leavenworth county, which conveyance was never recorded. In February, 1880,

Chapman conveyed, through a third person, to his wife said land, subject to a mortgage to his mother, upon which about $3,000 was due. In 1875, a note for $500, given by Chapman to one Melville, was transferred to Elias Summerfield. At the April Term, 1880, of the district court of Douglas county, Summerfield obtained on this note a judgment against Chapman. This action was brought to subject to the lien of the Summerfield judgment the land in Leavenworth county, conveyed by Chapman to his wife. Trial by the court at the September Term, 1884, and judgment for plaintiff and against defendant for $1,069.60. The court found that the conveyances from Edward Chapman to Edmund S. Chapman and from Edmund S. Chapman and wife to Sarah W. Chapman, were made with the intent to hinder and delay Summerfield in the collection of his said judgment and costs, and decreed accordingly for plaintiff. The defendants bring the case here.

*J. H. Gillpatrick,* for plaintiffs in error; *J. W. Green,* of counsel.

*Lucien Baker,* and *Vernon H. Harris,* for defendant in error.

Opinion by SIMPSON, C.: The fact of the indebtedness of Edward Chapman to his wife Sarah W. Chapman is very clear under the evidence. The details of their transactions, the sources from which she derived the money, the amounts received and the date of their reception, are all given by depositions taken months before the trial, and, had they not been true, could so easily have been disproved, that we are compelled to conclude that as late as the year 1875, Chapman was indebted to his wife in a sum probably exceeding 4,000 dollars. He had an undoubted legal right to prefer her as a creditor, even if the effect had been that she absorbed all this property in satisfaction of her debt. (*Monroe v. May,* 9 Kas. 473.) The relation existing between Edward and Sarah W. Chapman, being that of husband and wife, induces the court to scrutinize very closely their dealings with each other; but

when it is clearly established that there is an honest, *bona fide* indebtedness by the husband to the wife, then their mutual transactions may be reviewed in the light of the trust and confidence incident to the marriage relation.

This court, in the very recent case of *Kennedy v. Powell*, 34 Kas. 22, has passed upon almost every question that can be raised on the record of the one under consideration. Indeed, the similarity as to the facts between the cases is remarkable, and of course the law governing that case as announced by the court must control this one. Most of the material testimony was taken in the form of depositions, and read on the trial below. Edward Chapman was examined on the trial, but we probably place the same estimate on his testimony as did the learned judge who tried the case. Mrs. Chapman, being a *bona fide* creditor, holds the title to the farm in Leavenworth county, not subject to the lien of the Summerfield judgment, no matter what the intention of Edward Chapman was in making the conveyance.

We recommend that the judgment of the district court be reversed.

By the Court: It is so ordered.

All the Justices concurring.