## FLAVIUS J. KEENE, RESPONDENT, *v.* MICHAEL WELSH, JOHN COMASKY, JOHN G. PICKERING, EPHRAIM L. SHERMAN, AND MATHEW ROBERTS, APPELLANTS.

CIVIL PRACTICE—*Amending judgments — Water and water rights — Measurement of water.*— A decree in favor of plaintiff was "for two hundred and twenty-five inches of the waters of a certain creek, miner's measurement." An execution issued thereunder was quashed, on the ground that the term "miner's measurement" was not specific and certain enough to enable the decree to be executed. At a term of court subsequent to the entry of said decree, upon a motion and verified petition filed and served, the decree was amended. (See statement.) *Held*, that the decree was properly amendable on motion or petition; and that a trial court has the power, at a subsequent term, to modify or correct a judgment or record to such an extent that the relief granted may be such as was intended to be granted originally. ¡(*Territory* v. *Clayton, ante*, p. 1, cited.)

*Appeal from the First Judicial District, Lewis and Clarke County.*

STATEMENT.

The order of court amending the decree recited that the record of the cause on the previous trial, and the proofs adduced, established the term "miner's measurement," to be "running water measured in the usual mode, under a six-inch pressure." It then read as follows: "It is therefore ordered and adjudged that the said decree be so corrected and amended, by inserting therein after the words 'miner's measurement,' wherever the same occur therein, the following words, 'that is to say, by the usual means adopted for the measurement of running water under a six-inch pressure, until the said plaintiff shall have and receive said number of inches by said standard.'" (See, also, statement of facts by the court.)

*Chumasero & McCutcheon,* for Appellants.

During the pendency of a suit, or during the term at which it was decided, courts may correct the records; but afterwards the power is limited to the correction of clerical errors and mistakes of officers. (Freeman on Judgments, §§ 70, 72; *Boyd* v. *Blaisdell,* 15 Ind. 73; *Makepeace* v. *Lukens,* 27 Ind. 435; 92 Am. Dec. 263; *Coughran* v. *Gutcheus,* 18 Ill. 390; *Chichester* v. *Cande,* 3 Cowen, 39, 42, and notes; *Humphreyville* v. *Culver,* 73 Ill. 485; *Becker* v. *Sauter,* 89 Ill. 596; *Forquer* v. *Forquer,* 19 Ill. 68; *De Castro* v. *Richardson,* 25 Cal. 51; *Bell* v. *Thompson,* 19 Cal. 708; *Morgan's Louisiana & T. R. & S. S. Co.* v. *Tex. Cent. R. R.* 32 Fed. Rep. 530; *Rogers* v. *Bradford,* 8 Bush, 164; *Grant* v. *Schmidt,* 22 Minn. 1; *Ray* v. *Connor,* 3 Edw. Ch. 478; *Clark* v. *Hall,* 7 Paige, 382; *Gray* v. *Judge,* 49 Mich. 628; *Green* v. *Pittsburg R. R. Co.* 11 W. Va. 685.) Where a verdict is bad for uncertainty, it cannot be cured by the judgment. (*Bashford* v. *Kendall,* Ariz. May 25, 1885.) Amendments of judgments should never be revisory or appellate in their nature, even though proper amendments embrace matters which ought clearly to have been pronounced. (*McLean* v. *Stewart,* 14 Hun, 472; *Solomon* v. *Fuller,* 14 Nev. 63; *Finnell* v. *Jones,* 7 Bush, 359; *Stephens* v. *Wilson,* 14 Mon. B. 71.) An order amending a judgment which varies the findings of facts, finds new facts, adopts a principle of law not contained in the decision,

and changes the judgment by altering its amount, is beyond the power of the court, although substantial justice is done by the amendment. (*Rockwell* v. *Carpenter*, 25 Hun, 529.) A final judgment cannot be altered in any material manner save on appeal or review. (*Jenkins* v. *Eldredge*, 1 Wood. & M. 61; *Sagory* v. *Bayless*, 21 Miss. 153; *Commercial Bank* v. *Lewis*, 21 Miss. 226; *Harrison* v. *State*, 10 Mo. 686; *Harbor* v. *Pacific R. R. Co.* 32 Mo. 423.)

*Shober & Adams*, and *E. W. Toole*, for Respondent.

We respectfully submit that under the existing condition of things the authorities of appellants are wholly inapplicable. There was no necessity of submitting an uncontroverted fact, or having a special finding made upon it. There was no conflict or dispute, that the miner's measurement was a measurement of running water under a six-inch pressure. It was therefore the duty of the court so to have defined it (*if necessary*) in the decree. Not having done so, and the evidence having been preserved as a part of the records of the case, it was its duty to do so at any time to give certainty to the indefinite terms used and enable the decree to be executed. (See Freeman on Judgments, § 70; *Ray* v. *Connor*, 3 Edw. Ch. 478; *Rogers* v. *Rogers*, 1 Paige, 188; *Clark* v. *Hall*, 7 Paige, 382; *Wingate* v. *Ferris*, 50 Cal. 105; *Kelley* v. *McKibben*, 53 Cal. 13.) The doctrine herein announced is sustained by a majority of the courts of this country, and especially by the Supreme Court of the United States, which is controlling here. (*Matheson* v. *Grant*, 2 How. 263; *Doane* v. *Glenn*, 1 Colo. 456; Freeman on Judgments, §§ 72, 73.)

Statement of facts prepared by the judge delivering the opinion of the court.

At the October term, 1881, of the District Court for the county of Meagher, the respondent recovered a judgment against appellants for two hundred and twenty-five inches of the waters of Duck Creek, "miner's measurement." The judgment followed the language of the complaint; and was based upon the special findings and evidence in the case.

Appellants feeling aggrieved, in due time made their motion and filed their statement of the evidence for the purpose of

obtaining a new trial. On the fourth day of October, 1883, the court overruled said motion for a new trial, and appellants thereupon appealed to the Supreme Court, where the case remained pending until 1884, when such appeal was dismissed. After the dismissal of this appeal, respondent obtained, as soon as was practicable, an execution, and upon motion of appellants said execution was quashed by the court, upon the ground that the term "miner's measurement" was not specific and certain enough to enable said decree to be executed. This motion was sustained on the eighteenth day of December, 1884. Before the next term of court, respondent filed his motion, notice of motion, and petition for a correction of the decree, which were duly served. Appellants appeared, and the case was transferred to the county of Lewis and Clarke for the purpose of hearing said motion and petition, all of which appears by reference to record, pages 43 to 49 inclusive. No counter-affidavits were filed, and no answer made to said petition and complaint. The hearing of the motion remained in this court until the twenty-fifth day of November, 1887, when the court upon the motion, petition, affidavits, and evidence so preserved in the records of said cause amended said decree, so as to relieve it of the ambiguity or uncertainty complained of, and enable the same to be executed. The only question presented to this court is, "did the court below have jurisdiction to amend the decree?"

BACH, J.—We do not doubt the soundness of the rule that the trial court cannot at a subsequent term so modify a judgment that the modification is in effect a reversal. That is the province of the appellate court. But the trial court has the power to modify or correct the judgment or record to such an extent that the relief granted may be such as was intended to be granted. This doctrine has already been announced by this court in several cases. (See *Territory* v. *Clayton, ante,* p. 1, and cases therein cited.) The court below in granting this motion based its action upon all the testimony in the case, which testimony was a part of the motion papers, and was in no way contradicted by affidavits filed by the appellants. Upon such a state of facts that would be a severe rule, which would deprive the successful party of the judgment which had been judicially

awarded him, because the clerk had failed to enter the judg-
ment in proper form.. It is the duty of the clerk and not of the
court to enter the judgment, and a liberal rule should be adopted
to the end that the carelessness of clerks shall not defeat justice.
In some jurisdictions the power to amend a judgment is con-
fined to what appears from the record to have been the judg-
ment intended; in others, the propriety of the amendment may
be based upon a petition and affidavits.  The latter rule is
approved by Mr. Freeman is his work on Judgments, and also
by the Supreme Court of the United States, which latter
authority is binding upon this court.

In *Matheson* v. *Grant*, 2 How. 279, the judgment was entered
at a subsequent term, and the motion was based upon an
affidavit setting forth the evidence in the case.  In that case the
motion papers were similar to those which were before the judge
granting the amendment in this case.  (See, also, cases cited at
the end of § 72, Freeman on Judgments.)  The appellants
rely upon the case of *Morgan's L. & T. R. & S. S. Co.* v. *Texas
Cent. R. R. Co.* 32 Fed. Rep. 533.  That case is not similar to
this.  The order did not modify the judgment so that the latter
might represent or contain what was originally intended; but
the order was to modify the judgment, so that it might repre-
sent or contain what became the subsequent opinion of the court.
The principle which guides our ruling in this case, and which,
we think, is the rule to be applied to the facts in this case, is
contained in the following language, quoted from the opinion of
Chancellor Walworth: "A decree cannot be varied in substance
on petition, without a rehearing.  But it may be corrected or
amended on motion or petition, as to mere clerical errors, or by
the insertion of any provision or direction which would have
been inserted, as a matter of course, if asked for at the hearing,
as a necessary or proper clause to carry into effect the decision
of the court." (See *Clark* v. *Hall*, 7 Paige, 382, 384.)  The
order appealed from is affirmed with costs.

*Judgment affirmed.*

DE WOLFE, J., and LIDDELL, J., concur.