PARROTT, APPELLANT, *v.* McDEVITT, RESPONDENT.

[Submitted February 5, 1894.    Decided March 12, 1894.]

APPEALS—*Orders—Bill of exceptions.*—On an appeal from an order a bill of exceptions which contains all the papers properly certified which are required on appeals from orders, will not be stricken from the record upon objections to its settlement and service, since the matters included in the bill of exceptions are properly before the court without a bill.    (*Bookwalter* v. *Conrad, ante,* p. 62, cited.)

JUDGMENTS—*Nunc pro tunc entry.*—Refusal of the district court to order a judgment entered *nunc pro tunc* as of the date of its rendition is error where the records disclose what the judgment was, and that it had actually been rendered.

*Appeal from Third Judicial District, Deer Lodge County.*

PLAINTIFF'S motion for the *nunc pro tunc* entry of the judgment rendered in *Parrott* v. *Hungelburger,* 9 Mont. 526, was denied by DURFEE, J.    Reversed.

*Brazelton & Scharnikow,* for Appellant.

I.    When a judgment has been rendered in a cause it becomes the duty of the clerk to make a record entry of it in an official book kept for that purpose.    (1 Black on Judgments, § 110; *Keene* v. *Welsh,* 8 Mont. 309; Code Civ. Proc., § 304, Comp. Stats.)

II.    The neglect or failure of the clerk to make a proper entry of record of a judgment, or a defective or inaccurate

entry of it, will not, as between the parties, operate to invalidate the judgment. (*Gunn* v. *Plant,* 94 U. S. 664; *Craig* v. *Alcorn,* 46 Iowa, 560; *Bridges* v. *Thomas,* 50 Ga. 378.)

III.   The power of courts to make entries of judgments *nunc pro tunc,* in proper cases, and in furtherance of the interests of justice, has been recognized and exercised from ancient times.   This power does not depend upon statute; it is inherent. (12 Am. & Eng. Ency. of Law, 80; 1 Black on Judgments, § 126; *Chissom* v. *Barbour,* 100 Ind. 1; *McDowell* v. *McDowell,* 92 N. C. 227.)

IV.   It is competent for a court to enter judgment *nunc pro tunc,* at *any subsequent term,* both parties appearing and being heard.   (Freeman on Judgments, § 71; *Shephard* v. *Brenton,* 20 Iowa, 41; *Murdock* v. *Ganahl,* 47 Mo. 135; *Jerrett* v. *Mahan,* 20 Nev. 89; *Burnett* v. *State,* 14 Tex. 455; 65 Am. Dec. 131.) · After the lapse of the term the court retains jurisdiction of its record for the correction of clerical errors. (*Evans* v. *Fisher,* 26 Mo. App. 541.)

V.   Where a court has rendered a formal judgment, but the same has not been entered on record, through neglect or misprision of the clerk, the court has power to order that such judgment be entered *nunc pro tunc* at any time.   (12 Am. & Eng. Ency. of Law, 81; 3 Estee's Pleadings, § 4758; 1 Black on Judgments, § 130; Freeman on Judgments, § 61; *Harvey* v. *Whitlatch,* 1 Mont. 713; *Comanche Mining Co.* v. *Rumley,* 1 Mont. 205; *Territory* v. *Clayton,* 8 Mont. 17; *Marshall* v. *Taylor,* 97 Cal. 422; *Dreyfuss* v. *Tompkins,* 67 Cal. 339; *Franklin* v. *Merida,* 50 Cal. 289; *Rousset* v. *Boyle,* 45 Cal. 64; *Swain* v. *Naglee,* 19 Cal. 127, and note; *Gibson* v. *Chouteau,* 45 Mo. 171; 100 Am. Dec. 366; *Howell* v. *Morlan,* 78 Ill. 162; *Chichester* v. *Cande,* 3 Cow. 39; 15 Am. Dec. 238.)

VI.   The decisions of the courts uniformly hold that if the records of the court show that a judgment has been formally rendered, and what such judgment was, that no other evidence is required upon which to base an order to have such judgment entered *nunc pro tunc.*   (1 Black on Judgments, § 135, and cases cited; *Keene* v. *Welsh,* 8 Mont. 309; *Barber* v. *Briscoe,* 9 Mont. 345; *Belkin* v. *Rhodes,* 76 Mo. 643; *Groner* v. *Smith,* 49 Mo. 318.)

VII.   The court may enter judgment as of the time when it ought to have been entered, although a considerable time has elapsed, and the death of the defendant occurring in the mean time.   (5 Am. & Eng. Ency. of Law, 135; 12 Am. & Eng. Ency. of Law, 80; *Borer* v. *Chapman*, 119 U. S. 588; *Mitchell* v. *Overman*, 103 U. S. 62; *Mitchell* v. *Schoonover*, 16 Or. 211; 8 Am. St. Rep. 282; *Long* v. *Stafford*, 103 N. Y. 274; *Murray* v. *Cooper*, 6 Serg. & R. 126; *Black* v. *Shaw*, 20 Cal. 68; *Wilson* v. *Myers*, 4 Hawks, 73; 15 Am. Dec. 511; *Mays* v. *Hassell*, 4 Stew. & P. 222; 24 Am. Dec. 750.)

*F. W. Cole*, for Respondent.

DE WITT, J.—A motion was made in this case to strike out a large portion of the record, called a "bill of exceptions," on two grounds: 1. That D. M. Durfee, who signed the bill of exceptions, was not, at the time he signed it (January 5, 1893), a judge of the court; and 2. It does not appear that the bill of exceptions was served on respondent's attorneys, or that they had notice of the same.

While we have judicial knowledge of the fact that Judge Durfee's term of office expired on the last day of December, 1892, still, in the record, we find him acting as judge, in signing a bill of exceptions, on January 5, 1893; and, for all that appears, he could have been holding over until his successor qualified.   (Const., art. 8, § 12.)   But this matter is not important, nor is the objection that the bill of exceptions was not served on counsel.   The matters included in the bill of exceptions are before us without a bill.   The appeal is from an order.   Section 438 of the Code of Civil Procedure provides: "On appeal . . . . from an order, the appellant shall furnish the court with copy of the notice of appeal, undertaking or undertakings on appeal, the judgment or order appealed from, and a copy of the papers used on the hearing in the court below, such copies to be certified in like manner to be correct."

These papers are in the record, and certified by the clerk to be correct.   That is sufficient to present them to us for review. The motion is denied.   (*Bookwalter* v. *Conrad*, *ante*, p. 62.)

This is the same case as that reported under the title of *Parrott* v. *Hungelburger*, 9 Mont. 526. The present defendant, McDevitt, is the administrator of Hungelburger—appointed, as is noted in the opinion of *Parrott* v. *Hungelburger*.

By reference to *Parrott* v. *Kane*, *ante*, p. 23, it will be seen that it was claimed that judgment in this case was not entered, although it was duly rendered. Writ of restitution herein was issued, and was then recalled and quashed by the court. Then plaintiff moved the court to order the clerk to enter judgment *nunc pro tunc* as of October 30, 1888. For a fuller statement of the facts, see *Parrott* v. *Kane*, *supra*. The motion was made upon all of the records and proceedings in the case. The district court, on the motion, was most amply informed by the records that judgment had been rendered in *Parrott* v. *Hungelburger*, 9 Mont. 526. It had before it the written and duly filed opinion of the district judge, giving his reasons for rendering judgment, and concluding with the following language: "The judgment of the court, therefore, is that plaintiff have possession of said premises, and recover from defendant the sum of thirty dollars per month, for issues and profits thereof, since the —— day of ——, 188—, with judgment for costs.    S. DE WOLFE, Judge.    Filed October 29, 1888."

The district court had also before it, upon the motion, the minutes of the court in the case of *Parrott* v. *Hungelburger*, 9 Mont. 526, of October 29, 1888, as follows: "This cause coming on again this day, the court gives judgment for plaintiff, and against defendant, according to the prayer of plaintiff's complaint, and judgment is ordered entered." The district court also had before it a judgment, duly and formally written out, giving judgment for the plaintiff, and signed by the district judge, and marked by the clerk "Filed and entered October 30, 1888." Such was the showing by the records that the judgment had actually been rendered, and what the judgment was. On this showing the district court refused to order the clerk to enter judgment *nunc pro tunc*. The court may, at a subsequent term, order a judgment entered which has theretofore been rendered, and where the records of the court show what the judgment was, and that it had actually been rendered.    (*Harvey* v. *Whitlatch*, 1 Mont. 713; *Comanche*

*Mining Co.* v. *Rumley,* 1 Mont. 205; *Territory* v. *Clayton,* 8 Mont. 1; *Keene* v. *Welsh,* 8 Mont. 305; *Barber* v. *Briscoe,* 9 Mont. 341; 1 Black on Judgments, § 135, and cases cited. See, also, appellant's brief upon this point.)

Why the district court refused to order the judgment entered *nunc pro tunc* does not appear by the record, nor can the widest excursion into the field of surmise discover a reason for this decision. The order should have been made, as decided in the cases above cited.

The plaintiff is left in a most unusual position for a successful litigant. He obtained a judgment. On defendant's appeal he obtained an affirmance. It has never been questioned that he has a judgment. But the court quashed his writ of restitution—whether rightfully or wrongfully is not now before us for a review. The court stayed any further issuance of a writ of restitution. These proceedings by the court were upon the ground that judgment had not been entered. Then the court refused to order the judgment entered. A wholly valueless judgment is this. The plaintiff achieved a Pyrrhic victory—such a one as would lead him to exclaim with the king of Epirus, " Another such a victory, and I am lost." The law cannot contemplate such results.

The order of the district court is reversed, and the case is remanded, with directions to that court to order judgment to be entered as the same was rendered. *Remittitur* forthwith.

*Reversed.*

PEMBERTON, C. J., and HARWOOD, J., concur.