KENDALL, Appellant, *v.* O'NEAL, Respondent.

[Submitted June 10, 1895.　Decided June 17, 1895.]

Order Staying Execution—*Correction of record.*—Where an order is made staying execution for thirty days in which to prepare and file statement on motion for a new trial, but through an omission of the clerk the minutes merely show an order staying execution for thirty days, the record may be corrected to conform it to the truth after the period of the stay has expired. (*Territory* v. *Clayton*, 8 Mont. 1, cited.)

Fraud—*Conveyance by husband to wife—Conversion—New trial.*—In conversion by a wife to recover the value of property claimed by her, but seized under an attachment against her husband, the granting of a new trial, after a verdict for plaintiff, was not an abuse of discretion, where it appeared in evidence that the husband after marriage had turned over to his wife his money and property, she having no property at the time, and thereafter managed it as her agent; and that upon examination as to the good faith of the transaction he had denied that the transfer was made to place the property beyond the reach of creditors, but qualified it by saying, that when a certain person "was going to sell him out and give him no show, a man would be a fool for not protecting himself."

*Appeal from Tenth Judicial District, Choteau County.*

Conversion. Defendant's motion for a new trial was granted by DuBose, J. Affirmed.

*Howard S. Green* and *Ewing & Green*, for Appellant.

*Walsh & Newman* and *Donnelly & Knox*, for Respondent.

Pemberton, C. J.—This is an action to recover damages of the defendant for the value of certain hay, which it is alleged he wrongfully took from plaintiff, and converted to his own use. Plaintiff was the wife of Charles O. Kendall at the time

of commencing this suit. The defendant was the sheriff of Choteau county, and took the hay, as such sheriff, under an attachment issued in a suit against Charles O. Kendall to recover a debt due by said Charles O. Kendall. The plaintiff claimed the hay as her separate property. The case was tried to a jury, who returned a verdict for the plaintiff. Defendant moved the court for a new trial, which was granted. From the order of the court granting a new trial this appeal is prosecuted.

The appellant contends that the statement on motion for new trial was not served and filed within the time required by law. The verd:ct was rendered on the 16th day of May, 1893. Notice of motion for new trial was served on the 25th day of May. On the 17th day of May the court, on motion of defendant's counsel, granted a stay of execution for 30 days. This order did not state the object or purpose thereof. On the 2d day of October thereafter the court amended this order on the minutes so as to read as follows: "In this cause, on motion of defendant's counsel, the court grants a stay of execution for a period of thirty days in which to prepare and file statement on motion for a new trial herein." And on the same day the court granted a new trial. The statement on motion for a new trial was served on the 1st day of July, 1893. The appellant contends that the court had no jurisdiction to grant the second extension. The order of October 2d simply corrected the order of May 17th so as to show what the court meant to do, and did in fact do, by granting the first order. Affidavits were filed to show what were the terms and object of this order, and to show that the clerk omitted to state in the order that the stay of execution was granted for 30 days, to enable defendant to prepare statement on motion for new trial. We think the court had full power to make the record state and conform to the truth, and to correct an error or omission of the clerk, when the mistake clearly appeared. This is evidently what the court did by its order of October 2. See *Territory* v. *Clayton,* 8 Mont. 1. The law gave the defendant 10 days after the service of notice of intention to move for a

new trial to prepare and serve statement. This 10 days, and the 30-days extension which the court may grant without the consent of the adverse party, extended the time for filing statement on motion for new trial beyond the 1st day of July, the date on which it was served and filed. We think the statement was served and filed in time.

The appellant contends also that the court abused its discretion by granting a new trial in this case. It will be observed that the plaintiff in this case is a married woman, and claims the hay taken by the sheriff for the debt of her husband as her separate property. It was shown by the evidence in this case that when plaintiff and her husband were married she had practically no money or property of her own; that her husband had considerable property; that after the marriage the money and property were turned over to the wife by transactions between themselves; that the hay in controversy was cut and made by the use of this property, consisting of teams, machinery, etc., once belonging to the husband; that the husband assisted in the cutting and saving of the hay, for wages, it is said, paid by the wife; that the husband had the control and management of the business as the agent of the wife, as is claimed. These things appear in the evidence of plaintiff offered to show her separate ownership of the property.

Under the law it is the duty of the courts to scrutinize with great care transactions of this kind between husband and wife, and only those contracts that are free from fraud, and are absolutely *bona fide*, should be permitted to stand.

In *Lambrecht* v. *Patten*, 15 Mont. 260, this court, in speaking of the relation of husband and wife, said: "That relation is often a convenient means for the perpetration of a fraud, and, when claims of such indebtedness are made between husband and wife, they must be subjected to the most searching examination, if not, indeed, suspicion." See, also, *Chapman* v. *Summerfield*, 36 Kan. 610, 14 Pac. 235.

We do not think the evidence in this case is free from doubt or suspicion. For instance, on cross-examination the following question was put to C. O. Kendall, the husband: "Q.

Now, Mr. Kendall, is it not a fact that all this property that we have been talking about, including stock and house and lot and all, was transferred by you to your wife for the purpose of getting it out of your name, and out of the reach of your creditors?" He answered this question as follows: "To answer your question directly, I say 'No;' but I will qualify it in this way: that when a man like John Powers tells me that he is going to sell me out, and give me no show, a man is a damn fool for not protecting himself."

We think this testimony was sufficient to cast a suspicion upon the *bona fides* of the whole transaction and dealing between plaintiff and her husband, and to cause the trial court to question whether the jury had rightly scrutinized and considered the evidence in relation to the dealings between them.

We are unable to discover that in granting a new trial the court abused that sound judicial discretion which governs in such proceedings. The order appealed from is affirmed.

*Affirmed.*

DE WITT and HUNT, JJ., concur.