STATE ex Rel. KRULETZ, Relator, v. DISTRICT COURT
ET AL., RESPONDENTS.

(No. 8,060.)

(Submitted January 9, 1940.   Decided January 30, 1940.)

[98 Pac. (2d) 883.]

*Mr. J. L. Mayland,* for Relator, submitted a brief and argued the cause orally.

*Mr. John Collins,* for Respondents, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Relator, Tony Kruletz, applied for a writ of mandate, or other appropriate writ, to require the district court of Beaverhead county and Henry G. Rodgers, as judge thereof, to vacate and annul two orders made after final decree, and an amended decree rendered pursuant thereto, in Cause No. 4614, entitled *Joseph Stefanic* v. *Tony Kruletz and Joseph Mautz.* An alternative writ of mandate issued and respondents filed a motion to quash the return of service and without waiver thereof filed an answer to the writ. Briefs were filed and oral argument had on both the motion and the issues raised by the answer.

The facts are that on June 30, 1894, in Cause No. 828, a water right suit, the district court for Beaverhead county rendered a decree awarding to G. W. Perkins and N. A. Stiles, as of May 1, 1882, a water right to the use of 740 statutory inches of water from Beaverhead River through the Graeter and Tucker Ditch. By the preceding paragraph of the decree it also awarded to G. W. Perkins and one O. E. Morris, as of October 15, 1884, a right to the use of 620 inches of water through the Engle Ditch.

All of the parties to Cause No. 4614, the one in question here, are successors in interest to the first water right mentioned above, Stefanic's interest having been acquired by conveyance from Kruletz. In 1938 a controversy arose whether by the conveyance Stefanic acquired a one-sixth interest in the ditch and water right, amounting to 123⅓ inches, as claimed by him, or only 70 inches and a corresponding interest in the ditch,

as claimed by Kruletz. Stefanic thereupon filed Cause No. 4614, a quiet title action to determine his right and to enjoin interference therewith. Mautz defaulted, not being concerned in the controversy. No question was involved concerning the date of the water right or of priority between the parties, all admittedly claiming under the same right and as of the same date. The sole issue was the number of inches of water and the proportionate interest in the ditch belonging to Stefanic. In his complaint Stefanic did not mention the date of the water right, but merely alleged that in Cause No. 828 there was decreed to the parties and their predecessors a right to the use of 740 inches of the water of the stream, and that he, Stefanic, was an owner of an undivided one-sixth interest therein. In his answer in Cause No. 4614 Kruletz alleged that in Cause No. 828 the two water rights above mentioned were adjudicated as stated above in this decision; that Stefanic, Kruletz and Mautz are the owners of the 740-inch water right and of the Graeter and Tucker Ditch, now known as the Perkins Ditch, and that Stefanic was entitled only to 70 inches of that water right, and not to one-sixth thereof as claimed.

The court found in Cause No. 4614 that in Cause No. 828 Stiles and Perkins were adjudged the owners of the water right of 740 statutory inches, but erroneously mentioned the date of the appropriation as October 15, 1884 (which was the date of the 620-inch water right mentioned in Kruletz' answer but not involved in the suit); it found that the parties to Cause No. 4614 were the successors in interest to the said 740-inch water right, and that Stefanic was entitled to the entire one-sixth thereof claimed by him, or 123⅓ statutory inches, and to a corresponding undivided ownership in the Graeter and Tucker Ditch, also known as the Perkins Ditch. The court's conclusion was that the parties were entitled to have their respective interests in the ditch and water right quieted accordingly. Subsequently, on November 25, 1938, a decree was entered in accordance with the findings and conclusions and enjoining interference with the rights of the various parties, but again erroneously mentioning the date of the water right in question

as October 15, 1884, instead of May 1, 1882. Costs were not mentioned in the findings, conclusions or decree, but on November 29, 1938, Stefanic filed his cost bill for $53.92; no motion to retax costs was made. Thereafter on December 20, 1938, Stefanic filed a motion to amend the decree to award him costs. Kruletz filed a motion to strike Stefanic's motion on the ground that the court was without jurisdiction to grant the same; after argument by both parties, Kruletz' motion was denied and Stefanic's was granted.

The error in the date of the appropriation was first discovered in the spring of 1939, when the water commissioner was given a list of the water rights, in which the 740-inch water right for the Perkins Ditch, supplying all parties to Cause No. 4614, was dated October 15, 1884, as erroneously mentioned in the decree in that suit, instead of May 1, 1882, as adjudicated in Cause No. 828. On ex parte application of Stefanic, the court on June 30, 1939, entered a *nunc pro tunc* order amending its decree to correct the patent error in the date of the water right.

Various questions have been raised relative to the service of the writ and to the propriety of a special writ to the controversy in question, but it will not be necessary to consider them, since in any event a peremptory writ must be denied upon the merits.

It has been uniformly held in the jurisprudence of the territory and state of Montana, that judgments or records of trial courts may be modified or amended by the entry of *nunc pro tunc* orders or amended judgments to remedy the failure of the clerk to enter judgment within the time provided by law or to correct other error or omission by the clerk (*Comanche Mining Co.* v. *Rumley,* 1 Mont. 201, 32 Pacific States Reports; *Harvey* v. *Whitlatch,* 1 Mont. 713, 32 Pacific States Reports; *Territory* v. *Clayton,* 8 Mont. 1, 19 Pac. 293; *Kendall* v. *O'Neal,* 16 Mont. 303, 40 Pac. 599; *State* v. *Bowser,* 21 Mont. 133, 53 Pac. 179), or to show entry of judgment *nunc pro tunc* as of the day on which it was rendered (*Parrott* v. *McDevitt,* 14 Mont. 203, 36 Pac. 193), or to make the judgment effective *nunc pro*

*tunc* as within twenty-four hours after verdict, as provided by law (*State ex rel. Jones* v. *District Court,* 50 Mont. 1, 144 Pac. 564), or to make the record speak the truth as to date of entry of judgment or in other respects (*Power & Bro. Limited* v. *Turner,* 37 Mont. 521, 97 Pac. 950; *First State Bank of Thompson Falls* v. *Larsen,* 72 Mont. 400, 233 Pac. 960), or to correct omissions or errors by clerk, court or counsel so as correctly to set forth the names of the parties (*Comanche Min. Co.* v. *Rumley,* supra; *Barber* v. *Briscoe,* 9 Mont. 341, 23 Pac. 726), or correctly to describe the property, a fraudulent conveyance of which was therein intended to be set aside (*State Bank of New Salem* v. *Schultze,* 63 Mont. 410, 209 Pac. 599), or otherwise truly to express what was actually decided or to grant the relief originally intended to be granted, as by defining ''miner's measurement'' of appropriated water (*Keene* v. *Welsh,* 8 Mont. 305, 21 Pac. 25), or by correcting the date of a water right appropriation or other matter in the judgment or decree to accord with the date or other fact as found by it in the findings (*St. Onge* v. *Blakely,* 76 Mont. 1, 245 Pac. 532; *Monteath* v. *Monteath,* 99 Mont. 444, 44 Pac. (2d) 517).

But the sole permissible purpose of such amendment is to correct an error which has crept into the judgment by reason of misprision on the part of the clerk, judge or counsel, and is apparent on the face of the record, so that the judgment will truly express what was actually decided or intended to be decided and will grant the relief originally intended to be granted, together with the relief following therefrom by reason of law; but not to set aside a judgment actually rendered (except on motion for new trial) nor to change the rights fixed by it as originally intended and made (*Whitbeck* v. *Railway Co.,* 21 Mont. 102, 52 Pac. 1098; *Ogle* v. *Potter,* 24 Mont. 501, 62 Pac. 920; *Finlen* v. *Heinze,* 28 Mont. 548, 73 Pac. 123; *State ex rel. McHatton* v. *District Court,* 55 Mont. 324, 176 Pac. 608; *State ex rel. Smith* v. *District Court,* 55 Mont. 602, 179 Pac. 831; *Currey* v. *Butte Elec. Ry. Co.,* 60 Mont. 146, 199 Pac. 243; *State ex rel. Horgan* v. *District Court,* 69 Mont. 167, 224 Pac.

239; *Stabler* v. *Adamson*, 73 Mont. 490, 237 Pac. 483; *In re Jennings' Estate*, 79 Mont. 73, 254 Pac. 1067; *Kline* v. *Murray*, 79 Mont. 530, 257 Pac. 465; *Edgar State Bank* v. *Long*, 85 Mont. 225, 278 Pac. 108), nor to change the description of lands in the decree otherwise than to conform to pleadings and proof (*Oregon Mortgage Co., Ltd.*, v. *Kunneke*, 76 Mont. 117, 245 Pac. 539).

The test is whether on the one hand the change will make the record speak the truth as to what was actually determined or done, or intended to be determined or done by the court, or whether, on the other hand, it will alter such action or intended action.

Where the amendment comes within the permissible class as above noted, there would seem to be no reason, nor any supportable precedent, limiting by time or term the court's right to correct its record; for if the power is to be effective and do justice to parties and public, it must continue until the error is called to the court's attention and corrected. Thus, in the cases cited above, proper correction of the record or judgment was approved, whether made immediately, or several months or years later.

Here the change of date was merely a correction to make the decree describe properly the water right whose fractional ownerships were the subject of litigation. The error in date did not alter the actual priority of the water right in question, for that was not an issue in the litigation between Stefanic and Kruletz, but had been determined by the water right suit in 1894. Mention of the erroneous date in the water commissioner's instruction was improper, for he was obligated to distribute the water according to the actual adjudication in the water right suit of 1894 (sec. 7140, Rev. Codes), and the error in the Stefanic judgment did not, therefore, adversely affect the parties by changing the date of their appropriation. It did, however, adversely affect Stefanic by erroneously describing the subject of litigation and adjudication in Cause No. 4614, which was the 740-inch water right of 1882, and he was en-

titled to have the judgment corrected so as truly to describe what had actually been concerned in the adjudication. On the other hand, relator Kruletz was not prejudiced by the correction, since it in nowise changed or affected his rights.

The same is true of the amendment to state plaintiff's right to costs. Subdivisions 5 and 6 of section 9787, Revised Codes, provide that costs are allowed to the plaintiff as of course upon a judgment in his favor in actions which involve the title to real estate, and in actions for an injunction. It would seem that a ditch right is a real estate interest in the nature of an easement, and that a water right is also a real estate interest in the nature of an easement or of an incorporeal hereditament. (1 Weil, Water Rights in the Western States, 3d ed., secs. 280, 283, 455 and 456; *Musselshell Valley F. & L. Co.* v. *Cooley*, 86 Mont. 276, 283 Pac. 213; *Hale* v. *Jefferson County*, 39 Mont. 137, 101 Pac. 973; *Smith* v. *Denniff*, 24 Mont. 20, 60 Pac. 398, 81 Am. St. Rep. 408, 50 L. R. A. 737, 741.) But whether or not the action comes within subdivision 5 of the section as an action involving the title to real estate, it clearly comes within subsection 6 as an action for an injunction. Having won a judgment for the full relief sought by him, the plaintiff, Stefanic, was by virtue of that fact automatically entitled to recover his costs, subject only to his claiming them by cost bill, which he did, and to defendant's right to have them retaxed, which the latter waived by not asserting. The plaintiff's right to costs not being a matter of further adjudication or of judicial discretion, the amendment of the decree to express the right in nowise altered or increased the remedy accruing to him. Although it was made within six months after judgment, and upon notice to Kruletz as provided by section 9187, Revised Codes, it comes within what has been said above with reference to the other amendment.

The application for a peremptory writ is therefore denied and the proceedings dismissed.

Associate Justices Morris, Angstman, Erickson and Arnold, concur.