## CARTER v. UNITED STATES.
### No. 3642.

Circuit Court of Appeals, Tenth Circuit.
July 14, 1948.

Frank Carter, pro se.

Eugene Davis, of Topeka, Kan. (Randolph Carpenter, U. S. Atty., and Lester Luther, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

An indictment, patterned after the form suggested in the New Federal Rules of Criminal Procedure, Appendix of Forms, form 2, 18 U.S.C.A. following Section 687, was duly returned in the United States District Court for the District of Kansas, charging that the appellant Frank Carter "with premeditation stabbed and murdered Fernando Cervantes". Upon the the advice of court appointed counsel and with permission of the court, he entered a plea of guilty to second degree murder, and was sentenced to forty years.

By a motion for "relief from judgment" appellant sought to have the judgment and sentence vacated on the grounds (1) that

the indictment did not statutorily charge murder, and (2) that the plea of guilty was induced through the "deceit and misrepresentations" of his counsel. The motion was denied December 8, 1947. Eighteen days later, on December 26, appellant filed a motion to vacate the order of December 8 and prayed for an order of "resubmission", alleging that the Clerk had withheld notice of the order until the ten days allowed for an appeal under Rule 37 of the New Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, had expired. This motion was denied on January 5, and on the same date appellant filed notice of this appeal.

■ Although the validity of the judgment and sentence is attacked and defended here, the appeal is not from the judgment and sentence, nor from the order denying relief from the same. It is from the order of January 5 denying the motion to vacate the order of December 8. The scope of the appeal is thus limited to the question whether the trial court erred in refusing to vacate its order denying relief from judgment and sentence, and refusing resubmission of the motion for relief from judgment.

■ The motion for relief from judgment, although permissible "at any time" (See Rule 35, New Federal Rules of Criminal Procedure, supra; Gant v. United States, 161 F.2d 793), became final when unappealed within 10 days from its entry. Rule 37(a) (2) of the New Criminal Rules, supra; United States v. Bloom, 2 Cir., 164 F.2d 556. Ordinarily, motions for rehearing or to vacate, filed after appeal time, do not toll the time for the taking of an appeal, nor revive the original order. Pfister v. Finance Corporation, 317 U.S. 144, at page 150, 63 S.Ct. 133, at page 137, 86 L.Ed. 1196; Stradford v. Wagner, 10 Cir., 64 F.2d 749; Clarke v. Hot Springs Electric Light & Power Co., 10 Cir., 76 F.2d 918; Mintz v. Lester, 10 Cir., 95 F.2d 590; Bass v. Baltimore & O. Terminal R. Co., 7 Cir., 142 F.2d 779. And, orders thereon are reviewable only for an abuse of discretion. United States v. Froehlich, 2 Cir., 166 F.2d 84.

■ But, appellant's motion for vacation and resubmission complained of lack of notice of the order denying relief within the time allowed for appeal under Rule 37 (2) supra. It is thus based upon matters alleged to have occurred subsequent to the order sought to be vacated, and is in the nature of a motion for relief from judgment. We think, therefore, it is reviewable as a final order.

■ Rule 49(c) of the New Criminal Rules, supra, provides that "immediately upon the entry of an order made on a written motion * * * the clerk shall mail to each party affected thereby a notice thereof and shall make a note in the docket of the mailing". The parties to the order are entitled to rely upon the requirement of this rule, and the time for appeal does not run against the order until the prescribed notice has been given. Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283, 149 A.L.R. 736. It follows, therefore, that if the Clerk omitted to mail the notice, the time for taking the appeal from the original order of December 8 has not yet expired.

■ The Court is specifically authorized under Rule 36 of the New Criminal Rules to correct · clerical mistakes arising from oversight or omission at any time. If, therefore, the Clerk omitted to give the required notice of the order of December 8, it was not only within the competence of the trial court to correct the clerical mistake, but it had the duty to do so. Freeman on Judgments, 5th Ed. Vol. 1, Section 170, p. 334; Parrott v. McDevitt, 14 Mont. 203, 36 P. 193; People v. District Court of Thirteenth Judicial Dist., 33 Colo. 77, 79 P. 1014; State v. District Court of Twelfth Judicial Dist., 50 Mont. 1, 144 P. 564.

Beyond the bare allegation that the Clerk failed to give the required notice of the entry of the order of December 8, the record is silent. The court made no finding thereon. The order is, therefore, reversed and remanded to ascertain the facts and proceed in accordance with the views herein expressed.