JUSTICE WARNER
dissenting.
¶69 I agree with the Court’s decision that the Sherners’ claims for relief must fail and this action be dismissed. I strenuously dissent from the Court’s remand of this case to re-tax costs.
¶70 In two brief paragraphs for no logical reason, and with no citation to authority, the Sherners state that the judgment of December 17, 2003, was signed in violation of § 25-10-502, MCA, which provides for an objection to the costs sought by defendants. Based on this simple, unsupported statement, the Sherners argue, without any analysis, that the District Court erred by violating § 25-10-502, MCA. Even though Sherners did not come up with a reason for their argument, the Court supplies them with one by misapplying a statute, and turns the application of simple cost statutes on its head.
¶71 Section 25-10-502, MCA, states:
A party dissatisfied with the costs claimed may, within 5 days after notice of filing of the bill of costs, file and serve a notice of a motion to have the same taxed by the court in which the judgment was rendered or by the judge thereof at chambers.
¶72 The Court, as its thesis, states in ¶ 50 that by inserting in the judgment the amounts claimed by National, Conoco and Crawford, the District Court deprived the Sherners of their opportunity to object to such costs. No logical reason for this addition to the statutes is given. Nowhere in either §§ 25-10-501 or 25-10-502, MCA, is it said, or even hinted, that entering a judgment which contains the amount of costs claimed by the successful parties deprives parties against whom costs are awarded of the opportunity to object to the amount claimed. The statute most certainly does not say that if blanks in a judgment form are filled in with the amounts of costs claimed, as is the case in this instance, any party dissatisfied with the costs claimed is relieved of the *265 obligation to file the required notice of intent to have costs taxed by the court. Girson, 112 Mont. at 188, 114 P.2d at 277, is not authority for the proposition that entry of judgment automatically precludes the filing of a notice of a motion to have the court tax costs. The decision gives no facts concerning costs at all, much less any legal analysis. It does not say whether in that case a bill of costs was timely filed. Neither does it tell us whether a motion under § 25-10-502, MCA, to have the court tax costs, was timely filed.
¶73 At the time the District Court made its decision that Defendants would be successful, it also determined that they would have their costs. The amount of costs claimed by the Defendants was at that time unknown to both the court and the Shemers. So, the amount of costs claimed had to be ascertained. The claiming parties are the only ones who have the information necessary to do this. According to the statutory scheme, the court would not become involved at all in assessing costs unless a timely notice of objection is filed pursuant to § 25-10-502, MCA. Absent an objection, it is unlikely that the District Judge will ever have the amount of costs claimed brought to his or her attention. Most certainly, the court has no obligation to fix the amount of costs absent an objection.
¶74 After the bills of costs were filed, the Shemers had five days to file a simple, short document that, in effect, says: “You are given notice that we will file a motion to have the District Court tax costs.” If such notice had been filed, the Shemers could later have filed their motion, stated their objections and supported the same. The three Defendants that filed bills of costs would also have had the obligation to support their claims. Then, and only then, would the District Court be required to tax costs. Gahagan v. Gugler (1935), 100 Mont. 599, 603-06, 52 P.2d 150, 152-54.
¶75 Montana’s statutory scheme for claiming costs, providing for an objection to the claim, and setting strict and short time limits for these actions, is simple, to the point, and designed to not delay the entry of judgment by wrangling over costs. Obviously, the judgment amount is determined, including costs, the judgment is filed, and the judgment creditor may have execution thereon, right away. Entry of judgment shall not be delayed for the taxing of costs. Rule 58, M.R.Civ.P. However, § 25-10-502, MCA, not unlike Rule 59, M.R.Civ.P., provides the possibility that the amount of judgment may be changed by court order if a timely motion to alter it is successful. The taxing of costs by entering them in a judgment is in theory an intermediate order. Gahagan, 100 Mont. at 603, 52 P.2d at 152.
*266 ¶76 There is no error in how costs were taxed. The Defendants in this case were entitled to costs by virtue of the summary judgment order entered in their favor on December 9, 2003. See Springer v. Becker (1997), 284 Mont. 267, 277, 949 P.2d 641, 646; § 25-10-102, MCA. Defendants’ right to recover costs was subject to their claiming them by filing bills of costs, which three of them did on December 16, 2003. Section 25-10-501, MCA. The three Defendants claiming costs fulfilled their statutory obligations to obtain their award by timely filing bills of costs.
¶77 Once the amount of the costs claimed was ascertained by the filing of the bills of costs, the Clerk of Court had a statutory duty to include such costs in the judgment within two days. Section 25-10-504, MCA. Nowhere in the statutes is it required that the clerk or the judge figure out how long a party has to file a notice of their intent to file a motion to have the court tax costs, and then wait until it has expired before inserting the amount of costs in the judgment.[1] This requirement is simply pulled from thin air by the Court. Neither the District Judge nor the clerk of court had any obligation to even read the bills of costs, much less analyze whether the amounts claimed were legally correct. The District Court had fulfilled its obligation when the judgment was filed.
¶78 The amounts of costs taxed, which were included in the judgment, were still subject to the Sherners’ right to have them taxed by the court. The way to invoke this right was to file a notice of intent to file a motion to have the court, not the claiming parties, determine the costs. Section 25-10-502, MCA; State ex rel. Kruletz v. District Court of Fifth Judicial Dist. (1940), 110 Mont. 36, 42, 98 P.2d 883, 886. The Sherners were not deprived of their right to object to such costs simply because costs were taxed when judgment was entered. On the contrary, the Sherners retained their right to object. They also, however, had the obligation to read the bills of costs and determine whether they desired to object to the amounts claimed.
¶79 If they wanted to object to the amount of costs in the judgment, the Sherners had an affirmative duty to, within five days of the service of the bills of costs, file and serve notice of a motion to have the same taxed by the court. Section 25-10-502, MCA. Had the required notice been filed, the court would have had the obligation to consider and tax *267 costs itself. However, because the Sherners failed to file the required notice, their right to have costs taxed by the court was lost. Kruletz, 110 Mont. at 42, 98 P.2d at 886.
¶80 From 1895 until today the procedure for taxing costs was rather simple. Section 1867, Mont. Code of Civil Procedure (1895). The parties that were awarded costs, or their lawyers, took the lead. Costs were taxed by claiming them in a sworn bill of costs.[2] If the unsuccessful parties, or their lawyers, were dissatisfied, they could file a notice that they wanted the court to tax the costs. Unless an objection was filed, the court need not get involved.
¶81 Until now the rules were also clear. If the successful parties wanted their costs, they had better get a bill of costs filed and served on time. If the unsuccessful parties were dissatisfied, they had better file and serve a timely notice that they wanted the court to tax costs, or they would have to pay the amount claimed.
¶82 On this day the rules change. Exactly what all of the rules are is difficult to determine from the Court’s opinion. But, we now know that if the judge or the clerk is too quick in filling in the blanks the unsuccessful party no longer has to object - it is an automatic reversal on appeal. The courts are now involved in the process even if no objection is made. I have got enough to do and I dissent from the Court’s remand to re-tax costs.

 The record does not tell us in this instance whether the blanks in the judgment form were filled in by the judge or the clerk. However, it is difficult to see how it makes a difference who actually wrote in the numbers.

 From 1864, when the first cost statute was enacted, it was determined that the claim must be under oath. Section 412, Bannack Statutes (1864). It makes sense that the bill of costs he verified because the parties, or their lawyers, do this themselves, without court participation.