No. 13,940.

STATE OF LOUISIANA VS. HENRY POSEY.

SYLLABUS.

An error assigned as patent upon the face of the record, *must plainly so appear*, else there is nothing for the court to act upon.

APPEAL from the Twenty-first Judicial District, Parish of West Baton Rouge—*Claiborne, J.*

*Walter Guion,* Attorney General, and *Albin Provosty,* District Attorney '(*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*J. E. LeBlanc, Jr.,* and *Herbert & Herbert,* for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J. Indicted for murder, the accused was convicted of manslaughter, and from a sentence of eight years at penal servitude appeals.

Following conviction, a motion in arrest of judgment was filed on the grounds (1) that the indictment was not drawn in conformity to Section 1048 of the Revised Statutes; (2) because the minutes of the court do not show there had been an arraignment of the accused; (3) because the case had been fixed for trial without the presence of the accused.

The next day, it appears, evidence was taken showing the presence of the accused on the 4th of March, 1901, in open court, when he was arraigned and pleaded "not guilty," and when his case was assigned for trial. The sheriff and clerk of court were the witnesses who deposed to this.

Whereupon, the trial judge ordered the minutes of court for the 4th of March to be corrected and amended so as to show the presence in court of the accused on that day when these things were done.

A formal judgment was written up and signed, ordering these corrections of the minutes, and in this judgment it is recited that the accused was present at the time the corrections were ordered to be made.

The motion in arrest was overruled. No bill of exceptions was reserved.

In this court an assignment of errors is filed, setting forth that before sentence the accused moved in arrest of judgment because the record failed to disclose his arraignment under the indictment, or any plea thereto, and that before passing on the motion the trial judge by *ex parte* proceeding, taken without previous notice to the accused, upon the testimony of witnesses with whom he was not confronted and which testimony he was given no opportunity to rebut, ordered the minutes of court to be so corrected as to show an arraignment and plea. The allegation is made that these are errors patent on the face of the record. As this is the only defense insisted on in the brief presented on behalf of defendant, other points raised in the plea as filed are considered abandoned.

*Ruling*—We do not find it patent on the face of the record that the correction of the minutes was by *ex parte* proceedings, taken without previous notice to the accused, and ordered upon the testimony of witnesses with whom he was not confronted, and whose testimony he was given no opportunity to rebut.

On the contrary, the judgment of the court ordering the correction states the accused was present in court at the time of correction. We are not to infer he was not present during the whole time taken in bringing about the correction.

If it had been otherwise, if it be true he was not present during the whole time, and had not been given notice and opportunity as alleged, all these things could have been and should have been recited in a bill of exceptions, taken at the time or as soon thereafter as these matters had come to his knowledge. The court would then be in a position to pass upon the same.

But an error assigned as patent upon the face of the record, *must plainly so appear,* else there is nothing for the court to act upon.

Judgment affirmed.