State vs. Bouline.

No. 14,322.

STATE OF LQUISIANA VS. MARCEL BOULINE.

SYLLABUS.

1. In the motion in arrest of judgment, the defendant averred, without reference to any particular ruling of the District Court, that errors had been committed prejudicial to his defense. It is settled by repeated decisions that in a motion in arrest of judgment, in order to be entitled to relief, the defendant must set forth the errors the record shows to his prejudice.

2. Although this is the well settled rule, the court examined the record and found no error falling within the scope of a motion in arrest of judgment.

3. It is within the discretion of the court *a qua* after verdict and after the filing of a motion in arrest of judgment to order, in the presence of the defendant, in open court, the minutes to be corrected and made to correspond with the facts of the case. The record does not show that the facts of the case were not as stated in the minutes.

APPEAL from the Nineteenth Judicial District, Parish of St. Martin.—*Foster, J.*

*Walter Guion,* Attorney General, *Anthony N. Muller,* District Attorney (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Edward Simon,* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. Appellant was tried and convicted upon an indictment charging him with having attempted to commit rape upon a child nine years old. By the verdict of the jury and the judgment of the court, the defendant was found guilty and condemned to serve at hard labor in the penitentiary for ten years. The indictment was written in the usual form.

The minutes of the court show that, in open court, in the presence of the accused and his counsel and before sentence, the District Attorney presented a motion to have the minutes of the 17th and 20th of January, 1902, corrected so that they would conform with the facts, which the motion averred were within the knowledge of the judge

presiding. The motion was sustained and the minutes of the court were accordingly corrected.

Counsel for the defendant presented a motion in arrest of judgment in which he alleged that it was apparent on the face of the records and minutes of the court that "the indispensable requirements of law during the trial of said case have not been complied with." The court *a qua* overruled this motion on the ground that it failed "to set forth" wherein the indispensable requirements of the law are wanting or appear as lacking on the face of the papers, citing 40 Ann. State vs. Dorsey, p. 739, which decided, as stated in the *syllabus,* that "the motion in arrest of judgment should concisely state the defects complained of."

In addition to the foregoing bill just noted the defendant presented a second bill to the ruling of the judge in allowing the minutes to be corrected in accordance with the facts within his knowledge.

We return for a moment to the motion of defendant made in arrest of judgment. We have not found that the district judge erred in overruling this motion. It is well settled by a number of decisions that a motion in arrest of judgment must point out the errors charged. State vs. Malone, 37 Ann. 266. The error must plainly appear. State vs. Posey, 105 La. 350.

We take up the second bill of exception before noted for decision. It was taken to the court's ruling in allowing a correction of the minutes to be made. We have considered the correction ordered to be made by the court. They were not errors of substance and could be corrected as was done. The court has the right to correct the minutes of its proceedings conformably with the facts as they occurred. The truth of the entry was not questioned. It was urged that the corrections had been made too late in the trial. The correction complained of could be made after the motion in arrest of judgment had been filed. "When the record fails to show that the defendant was present during the trial, the record may be amended so as to supply the omission." State vs. Marceaux, 48 Ann. 101. After motion in arrest had been overruled, this correction may be ordered. State vs. Posey, 105 La. 351.

The other corrections were of minor importance and related to facts arising, to the court's knowledge, in the course of the trial, which the record sets forth, and we think are clearly within the rule laid down

in State vs. Daniels, 49 Ann. 954; State vs. Butler, 48 Ann. 1191. The view we have taken of the case leaves us no alternative save to affirm the judgment.

For the reasons assigned the judgment of the district court is affirmed.