February 6, 1911.

————o————

5124.

(Court of Appeal, Parish of Orleans).

## IN RE NYLKA LAND COMPANY PRAYING FOR POSSESSION.

1. When there is evidence adduced sufficient to rebut the presumption of notice by the declarations of the tax deed, the burden of sustaining the tax title by testimony *aliunde* the deed is thrown upon the party who holds the title.
2. The bare denial of receipt of notice of intended sale by the tax payer in interest may be overcome by the affirmative evidence of a disinterested official corroborated by a public record.
3. But the unsupported presumption of notice resulting from the tax deed must yield to the positive denial of a taxpayer deemed credible by the court.

Appeal from the Civil District Court, Division "A."

Ducros & Watt, for plaintiff and appellant.

N. E. Humphreys, for defendant and appellee.

Dinkelspiel, Hart & Davey, attorneys.

DUFOUR, J.—The execution of the writ of seizure and

possession herein issued was enjoined by the tax-debtor on the following grounds:

1st. That no notice of delinquency and intended sale was served as required by law.

2nd. That no adjudication was made to the pretended tax purchaser, the Nylka Land Co.

3rd. That, at the time of adjudication the said corporation was not in existence.

As to the first point we find the following in the carefully prepared opinion of the district judge.

"Now let us inquire as to the service. The plaintiff denies that he received this so-called notice or any notice; he is corroborated by his daughter who reads all letters and papers addressed to him, he being illiterate. John Gray, who signs as deputy treasurer the return testified only to his signature and did not know who wrote the return. He is positive that the custom was to bring in memorandum slips and deliver them to a clerk in the Treasurer's office who, at the close of the week wrote out the returns which he verified and afterwards signed. Otherwise, he has no recollection or knowledge of the facts stated in the return. Section 51 of Act 170 of 1898, requires that the officer serving the notice shall make the return, and John Gray made no return. His slips or book-memoranda, the original evidence of his service are not produced or accounted for, and his testimony is mere opinion founded on the custom of the office. Either he ought to recollect and swear to the fact of service, or his written return, made by himself, ought to show the service and ought to be produced, * * * My judgment is that there is no proof of notice. I credited the testimony of Charles Holmes, the plaintiff in injunction and his daughter. They seemed to be respectable and credible colored

persons. John Gray had no recollection of service, and the paper offered as the official return of service was not made by him, and he only surmises that it is true because of the custom of the office, and that he signed it, though he does not know who wrote it."

When there is evidence adduced sufficient to rebut the presumption of notice afforded by the declaration of the tax deed, the burden of sustaining the tax title by testimony aliunde the deed is thrown upon the party who holds the title.

The bare denial of receipt of notice of intended sale by the tax-payer in interest may be overcome by the affirmative evidence of a disinterested official corroborated by a public record, but the unsupported presumption of notice resulting from the tax deed must yield to the positive denial of a tax payer deemed credible by the court.

105 La. 350; 1 Crt. of App. 80, 3 Td. 32.

The court below properly concluded that the testimony of the returning officer was not of that affirmitive nature required to overcome the testimony of the two witnesses which he considered credible.

In his reasons for judgment, the judge says he is unable with the lights before him to fix the amount of the taxes to be paid back to the Nylka Co., but that he reserves the right of the tax purchaser to recover the same.

The reservation was, through clerical error, omitted from the judgment.

Having reached the conclusion that, for the reasons stated, the judgment annulling the sale and perpetuating the injunction is correct, we need not examine the other questions raised.

With the understanding that the judgment will not be executory until the price, taxes, costs and interest are refunded to the Nylka Land Co., Ltd., the judgment is affirmed.

January 10, 1911.

## On Rehearing.

Judgments rendered by this court in appeals from district courts shall become final and executory on the fifteenth calendar day after rendition.

## On Motion to Dismiss Application for Rehearing.

DUFOUR, J.—A motion is made to dismiss the application for rehearing on the ground that it was made too late.

The motion must prevail.

The decree was rendered on January 10th and the application was not filed until January 25th, at which time under Act 16 of 1910, the judgment had become executory.

**Abry Bros. vs. Reynes, 4995,** of our docket.

The application for a rehearing is dismissed.

February 6, 1911.