CURREY, RESPONDENT, *v.* BUTTE ELECTRIC RY. CO., APPELLANT.

(No. 4,381.)

(Submitted April 21, 1921.  Decided May 23, 1921.)

[199 Pac. 243.]

*Verdicts—Setting Aside—Jurisdiction—Correcting Minutes.*

Trial—Actions—Motions—Nature, How Determined.
  1. As the nature of an action must be determined by the pleadings, regardless of the designation given it by the parties, so an order granting a motion must be judged by its effect rather than by its wording.

Verdict—Order Setting Aside Under Guise of Correcting Minutes, Void.
  2. *Held,* that a verdict arrived at, received and filed in regular manner, eight of the jurors, upon their poll, answering in the affirmative, could not be set aside on motion, supported by the affidavit of one of them to the effect that he had answered in the negative, asking specifically that it be set aside, under the pretension that its purpose was merely to correct the minutes of the court.

*Appeal from District Court, Silver Bow County; Edwin M. Lamb, Judge.*

[60 Mont. 146.]

Action by Annie Currey against the Butte Electric Railway Company. Verdict for defendant, and from an order setting aside the verdict and striking from the files the judgment, defendant appeals. Order reversed and cause remanded, with directions to reinstate the judgment.

*Mr. John L. Templeman, Mr. Peter Breen* and *Mr. Fred. J. Furman,* for Appellant, submitted a brief; *Mr. Sydney Sanner,* of Counsel, argued the cause orally.

An affidavit by a juror seeking to impeach a verdict cannot be considered. (*State* v. *Beesskove,* 34 Mont. 41, 85 Pac. 376; *State* v. *Lewis,* 52 Mont. 504, 159 Pac. 415; *Spencer* v. *Spencer,* 31 Mont. 639, 79 Pac. 320; *Sutton* v. *Lowry,* 39 Mont. 471, 104 Pac. 545; *People* v. *Baker,* 1 Cal. 404; 29 Am. & Eng. Ency. of Law, 1008, 1009.)

The judgment cannot be attacked by motion, but, if at all, must be done on direct proceedings to annul the judgment. The motion is wholly insufficient to support the order of the court or to set aside the judgment. The purpose of the motion is not supported by law or statute. We readily concede that the court has authority, in term or out of term, to make its minutes conform to the facts, but this judgment is regular upon its face, and the proceedings in connection with the rendition of the judgment were in conformity with the law, and regular, and such a judgment cannot be set aside on motion. This matter has been before the court on other occasions. (*State ex rel. Happel* v. *District Court,* 38 Mont. 166, 129 Am. St. Rep. 636, 35 L. R. A. (n. s.) 1098, 99 Pac. 291; *Foster* v. *Hauswirth,* 5 Mont. 566, 6 Pac. 19.)

*Mr. William Meyer* and *Mr. Harry Meyer,* for Respondent, submitted a brief; *Mr. Harry Meyer* argued the cause orally.

Appellant contends "that it is contrary to law and public policy to consider the juror's affidavits." The affidavits in this case are not used, as a reading of the authorities hereafter quoted will show, to impeach the verdict. They

are used merely to correct the minutes of the court and an irregularity and to set aside a verdict illegal under the Constitution and the laws of the state of Montana. The verdict in itself is but a mere expression or evidence of some mental conception, and hence a correction of such a writing is not an impeachment of the verdict itself. The question of the use of affidavits in correcting such a mistake and irregularity as occurred in this action by the affidavits of jurors has been decided a great many times. (See *Peters* v. *Fogarty*, 55 N. J. L. 386, 26 Atl. 855; *Wolfgram* v. *Town of Schoepke*, 123 Wis. 19, 3 Ann. Cas. 398, 100 N. W. 1054; *Edminston* v. *Garrison*, 18 Wis. 595, 603; *Woodward* v. *Leavitt*, 107 Mass. 498, 9 Am. Rep. 49.)

There are a number of decisions drawing a distinction between the proceedings involved in reaching and agreeing upon the verdict and the mere act of expressing it, either orally or in writing. The following cases recognize such distinction, and hold that the reasons excluding jurors' testimony as to their conduct in the former stage do not exclude their evidence as to what really was the verdict agreed on in order to prove that it has not been correctly expressed, through mistake or otherwise. (*Murdock* v. *Sumner*, 22 Pick. (Mass.) 156; *Randall* v. *Peerless Motor Car Co.*, 212 Mass. 352, 99 N. E. 221; *Capen* v. *Stoughton*, 16 Gray (Mass.), 465; *Karrick* v. *Wetmore*, 210 Mass. 578, 579, 97 N. E. 92; *Dalrymple* v. *Williams*, 63 N. Y. 361, 20 Am. Rep. 544; *Hamburg-Bremen Fire Ins. Co.* v. *Pelzer Mfg. Co.*, 76 Fed. 479, 22 C. C. A. 283.)

Cases very much in point and considering many of the cases herein cited and the direct point in question being decided in favor of our contention are: *Wirt* v. *Reid*, 138 App. Dec. 760, 123 N. Y. Supp. 706; *Pelzer Mfg. Co.* v. *Hamburg Fire Ins. Co.*, 71 Fed. 826; *Saylor* v. *Taylor*, 77 Fed. 479, 23 C. C. A. 343. Cases approved by the authorities and courts upon this question are: *Hodgkins* v. *Mead*, 5 N. Y. Supp. 433; affirmed, 119 N. Y. 166, 23 N. E. 599; *Jackson* v. *Dickenson*,

15 Johns. (N. Y.) 309, 8 Am. Dec. 236; *Dearborn* v. *Newhall,* 63 N. H. 301; *Burlingame* v. *Central R. Co.,* 23 Fed. 706, 23 Blatchf. 142.

Under the above authorities and citations, the order in this case was properly made and was within the jurisdiction of the court, and the cases from our state upon the question as to affidavits of jurymen are not in point in dealing with the matter before the court.

Appellant contends that the judgment in this case cannot be attacked by motion, but if at all, must be done by a direct proceeding to annul the judgment. This proceeding was for the purpose of correcting an irregularity and a mistake made by the clerk in his minute entry which counsel concede the court had a right on its own motion to correct. In *Buhler* v. *Loftus,* 53 Mont. 546, 165 Pac. 601, this court said: "Where it is sought to set aside a judgment on the ground of irregularity, a motion in the case, and not a new action, is the appropriate remedy." The leading case upon this question is that of *Kaufman* v. *Shain,* 111 Cal. 16, 52 Am. St. Rep. 139, 43 Pac. 393. A motion is proper in a case of this kind under section 6589, Revised Codes. Under similar statutes, motions of this kind have been held proper. (*Norton* v. *Atchison, T. & S. F. R. Co.,* 97 Cal. 388, 33 Am. St. Rep. 198, 30 Pac. 584, 32 Pac. 452; *Stark Bros.* v. *Glaser et al.,* 19 Okl. 502, 91 Pac. 1041; *Stark Bros.* v. *Royce,* 44 Wash. 287, 87 Pac. 340; see, also, *Comanche Min. Co.* v. *Rumley,* 1 Mont. 201; *Power & Bros.* v. *Turner,* 37 Mont. 521, 97 Pac. 950; *Union Compress Co.* v. *Leffler,* 122 Ga. 640, 50 S. E. 483; *Leavell* v. *Carter,* 123 Ky. 459, 96 S. W. 597; *Scott* v. *Mutual P. S. F. L. Assn.,* 137 N. C. 515, 50 S. E. 221; *Fred Heim Brewing Co.* v. *Hamilton,* 137 Iowa, 376, 114 N. W. 1039; *White* v. *McFarland,* 148 Mo. App. 338, 128 S. W. 23.)

MR. COMMISSIONER SPENCER prepared the opinion for the court.

This is an action for damages for personal injuries. The record shows that on November 12, 1918, the jury returned

into court with their verdict in favor of the defendant, which was filed and read by the clerk; that, after being so filed and read, the court inquired of the jury, "Is this your verdict?" and received an affirmative response; that upon motion of plaintiff, and in the presence of plaintiff and his counsel, the jury was polled, eight answering in the affirmative and four in the negative. The jury was thereupon excused. On November 14, judgment in favor of defendant was duly and regularly made and entered, and on the same day notice thereof given; that upon the same day plaintiff filed motion, notice of motion, and affidavits of five jurors in support thereof, to set aside the verdict, which motion was heard on November 16, 1918. On November 16, the defendant filed its motion and affidavits in support thereof, to strike the affidavits of plaintiff from the records and files, and, on November 22, the court made its order as follows (omitting formal parts): "That the journal entry containing the minutes of the proceedings had in the above-entitled action, and the minutes regarding the number of jurors who agreed to the verdict heretofore filed in the above-entitled action on the twelfth day of November, 1918, be and the same is hereby ordered corrected so that said minutes show the true facts, *viz.,* that, upon said jury being polled, seven answered that they were in favor of said verdict, and that the verdict as filed was their said verdict, and that five then and there in open court announced that the said verdict as filed was not their verdict, and that they did not agree to said verdict; and it further appearing to the court that said verdict heretofore filed in the above-entitled action on the twelfth day of November, 1918, was not agreed to or concurred in by eight of the jury trying said cause, and that said verdict should not have been received and filed. It is hereby ordered, and this does order, that said verdict be set aside and stricken from the files in the above-entitled action; and, it further appearing to the court that no legal verdict was rendered in the above-entitled action, and that no verdict such as is contem-

plated by law and by the statutes of this state was filed in the above-entitled action, and it further appearing that the judgment heretofore signed, filed and rendered in the above-entitled action is void, because not based upon any proper verdict; it is hereby ordered, and this does order, that the judgment heretofore signed and filed on the fourteenth day of November, 1918, be and the same is hereby annulled, set aside and ordered stricken from the files of the above-entitled action; and it further appearing to the court that the above-entitled action is at issue, and ready for trial, it is hereby ordered that said action be, and the same is, hereby ordered placed upon the trial calendar of the above-entitled court.''

It is further disclosed by the record that, during the argument of counsel for the plaintiff in support of plaintiff's motion to set aside the verdict, Hon. E. M. Lamb, presiding judge, stated that he knew that one of the five, namely, Juror T. F. Hickey, when his name was called, had voted ''Yes,'' but that thereafter he had followed up the said response by some muttered words which the court did not get. No controversy arises over the vote of Jurymen Murphy, Sullivan, Carron and Burke upon the poll of the jury, and only the vote of Juryman T. F. Hickey is in issue upon this appeal. Defendant appeals from the order setting aside and striking the verdict from the files and annulling and striking from the files the judgment.

Stripped of all incidental persiflage, the situation confronting [1, 2] us is that respondent sought to set aside a verdict of the jury which in all particulars had been arrived at, received, and filed in regular and legal manner and form. Basing his motion upon the affidavits of jurymen who tried the case, the verdict was set aside and ordered stricken from the files and the judgment annulled and stricken from the files, by order of the court, under the guise of ''correcting its minutes.'' Notwithstanding respondent ''moves the court to set aside the verdict,'' he now contends that was not the purpose of his motion, but the true object to be attained was

simply the correction of the court minutes. We cannot accept respondent's view of the situation. The actual result of the procedure herein was the accomplishment indirectly of that which could not be accomplished directly. The nature of a lawsuit must be determined by the pleadings themselves, regardless of the designation given to the action by the parties thereto. (*St. John* v. *Tainter,* 56 Mont. 204, 182 Pac. 129.) A motion to set aside a verdict is, none the less, such when the only object sought and attained is the setting aside of the verdict, though masquerading in the garb of an order to correct the minutes. But, viewed from the respondent's standpoint, did the order of the court correct its minutes so that the true facts were spoken? Or did it change the minutes in substance, and by what power? The conceded facts are that the verdict was arrived at, received, and recorded by the clerk in legal manner and form, the jury polled, eight answering in the affirmative, and four in the negative, and the jury discharged. These facts appear in the minutes of the clerk; they were the actual facts as then understood by the court; and were entered and were intended to be entered as such. The court heard Juror Hickey answer in the affirmative. Confronted with this record, we think the following will establish the fact that the court did not correct, but changed its minutes in substance, and without power so to do.

Ruling Case Law lays down the general rule that: "In the exercise of this power of amendment, the court is not, however, authorized to do more than to make its records correspond to the actual facts, and cannot, under the form of an amendment of its records, correct a judicial error, or make of record an order or judgment that was never in fact given." (7 R. C. L., sec. 47, p. 1020.)

Corpus Juris enunciates substantially the same doctrine thus: "In case of an omission or error in the record the power exists in the court to amend such record so that it shall conform to the actual facts and truth of the case; but a court cannot amend its record to correct a judicial error, or to

remedy the effect of judicial nonaction." (15 C. J. 975, sec. 395.)

The supreme court of Massachusetts condemned similar action of the lower court upon a record almost identical with the one before us as follows: "The power of a court to correct clerical errors in its records arising from misprision of the clerk, improvidence of jurors, failure of commissioners to express their decision, or otherwise, is ample. [Citations.] But no clerical error appears here. There is no doubt that the docket memorandum of dismissal, minuted as the case was called, was made intentionally, although it might not have been made if the whole record respecting the case had been in the mind of the court. But that which was done was intended to be done, and the entry of judgment of dismissal in July, 1899, was the exact entry intended to be made. There was no clerical error. There was no failure to make the written record correspond with the decision actually made.

"The facts as they now appear did not authorize the action of the court in June, 1899, in dismissing the case, nor in entering judgment in the following July. But such action was within the jurisdiction of the court. That it was done is attested by the records. The record of the clerk imports verity in this regard. That there were facts in existence which made it error as matter of law to enter the particular judgment is nothing more than happens in many instances where judgments of lower courts are reversed. There were ample remedies at hand, if seasonably taken, to protect the plaintiff. Perhaps he might have appealed; he certainly might have petitioned for relief through one of the channels afforded by the statutes." (*Karrick* v. *Wetmore* (1912), 210 Mass. 578, 97 N. E. 92.)

The supreme court of Oregon approves the general rule in the following language: "A journal entry is the prescribed memorial of what the court actually did. It must speak the real truth. If the court did not in fact make an order on the earlier date, one cannot be supplied by any subsequent

journal entry. Moreover, the authority to make an order *nunc pro tunc* cannot be used to amend or change the order actually made." (*White* v. *East Side Mill Co.,* 84 Or. 224, 161 Pac. 969.)

In California, by an elaborate digest of authorities, the rule has been adopted thus: "Every court of record has the inherent right and power to cause its acts and proceedings to be correctly set forth in its records. The clerk is but an instrument and assistant of the court, whose duty it is to make a correct memorial of its orders and directions; and, whenever it is properly brought to the knowledge of the court that the record made by the clerk does not correctly show the order or direction which was in fact made by the court at the time it was given, the authority of the court to cause its records to be corrected in accordance with the facts is undoubted. (*In re Wight,* 134 U. S. 136, 33 L. Ed. 865, 10 Sup. Ct. Rep. 487 [see, also, Rose's U. S. Notes] ; *Balch* v. *Shaw,* 7 Cush. 282; *Fay* v. *Wenzell,* 8 Cush. 315; *Frink* v. *Frink,* 43 N. H. 508; *Crim* v. *Kessing,* 89 Cal. 486, 23 Am. St. Rep. 491, 26 Pac. 1074.) In the exercise of this power the court is not, however, authorized to do more than to make its records correspond to the actual facts, and cannot, under the form of an amendment of its records, correct a judicial error, or make of record an order or judgment that was never in fact given." (*Kaufman* v. *Shain,* 111 Cal. 16, 52 Am. St. Rep. 139, 43 Pac. 393; *People* v. *Ward,* 141 Cal. 628, 75 Pac. 306.)

In Louisiana, the court says regarding correction of minutes that, not being errors of substance, correction could be made. (*State* v. *Bouline,* 107 La. 454, 31 South. 885.) The question whether an amendment shall be allowed is usually one of fact for the court, yet the question whether it can be allowed is one of law. (*Town of Jaffrey* v. *Smith,* 76 N. H. 168, 80 Atl. 504–509.)

From the foregoing, and many other authorities, which we deem it needless to cite, the rule is almost universal that the

court has the inherent right to correct its minutes so that they may state the true facts, but that it is without power to supply judicial nonaction or to change its minutes in substantive matter, or in any matter, except as to an existing fact, nor can a judicial error be obviated by a correction in its minutes. The instant case is squarely within the rule herein enunciated from which we conclude that the order of the court changed the substance of its minutes, and was not a correction to show the true state of facts, because the facts were correctly stated in first instance, and the court was without authority to make its order, and that its action, if anything, after the discharge of the jury became judicial error, which could only be corrected by appropriate method on appeal.

The eminent counsel for appellant, by elaborate and exhaustive brief and oral argument, assign error of the court (1) in considering the affidavits of jurymen in impeachment of their own verdict, (2) in setting aside the verdict, and (3) annulling the judgment.  We think the assignments of error are meritorious.  The method of attacking the verdict adopted by respondent has been so repeatedly condemned by this court as to require no further consideration.  (*State* v. *Beesskove,* 34 Mont. 41, 85 Pac. 376; *Harrington* v. *Butte, Anaconda & Pac. Ry. Co.,* 36 Mont. 478, 93 Pac. 640; *Lish* v. *Martin,* 55 Mont. 582, 179 Pac. 826.)  The circuitous method of correcting the court minutes is of no avail to accomplish the well-defined purpose of the respondent.

For the reasons herein stated, we recommend that the order of the court correcting its minutes, setting aside the verdict, and annulling the judgment, be reversed, and that this cause be remanded to the district court, with directions to vacate and set aside said order, and reinstate the judgment in favor of defendant.

PER CURIAM: For the reasons given in the foregoing opinion, it is ordered that the order of the court correcting its minutes, setting aside the verdict, and annulling the judgment, be reversed and the cause remanded to the district court, with direc-

tions to vacate and set aside said order, and reinstate the judgment in favor of defendant.

*Reversed and remanded.*

Rehearing denied July 2, 1921.

(Submitted April 21, 1921. Decided May 23, 1921.)