STATE, APPELLANT, *v.* STEIN, RESPONDENT.

(No. 4,618.)

(Submitted June 2, 1921. Decided June 27, 1921.)

[199 Pac. 278.]

*Criminal Law—Intoxicating Liquors—New Trial—Newly Discovered Evidence — Verdicts—Impeachment by Jurors— Witnesses—Credibility—Impeachment—Former Conviction of Misdemeanor.*

Criminal Law—Witnesses—Former Conviction of Misdemeanor—Improper Cross-examination.
1. *Held,* that the provision of section 8907, Revised Codes, to the effect that the conviction of a person of any offense may be proved for the purpose of affecting the weight of his testimony, refers to conviction for a felony, and that therefore refusal to permit cross-examination of a witness for the state as to his former conviction of a misdemeanor was proper.

Same—Misconduct of Jury—Verdict—Impeachment by Affidavit.
2. Since a juror may not impeach his verdict directly by affidavit, impeachment thereof is not permissible by the affidavit of another detailing admissions and declarations made by the juror after trial showing that he was prejudiced while acting as such.

1. What constitutes "crime" for conviction of which witness may be impeached, see note in Ann. Cas. 1916A, 274, 279.

On the question as to whether cross-examination is proper mode of proving conviction of crime for purpose of impeachment, see notes in 30 L. R. A. (n. s.) 846; 6 A. L. R. 1608.

Trial—Pleadings—Motions—Nature of—How to be Determined.

    3. In determining the character of pleadings, motions and other papers filed in an action, the' object sought to be attained is controlling.

Criminal Law—New Trial—Newly Discovered Evidence—Rule.

    4. Where alleged newly discovered evidence is merely cumulative and designed to impeach the credibility of a witness further than it had already been impeached, a new trial cannot be granted.

Same—New Trial—Motion Based on Documentary Evidence—Review on Appeal.

    5. As a rule the supreme court is more reluctant to set aside an order granting than one refusing a new trial, but where the motion' was based entirely upon documentary evidence, it is in as advantageous a position to pass upon its merits as was the trial court, and will set aside the order if from the record it is unable to ascertain upon what theory the motion could have been granted.

*Appeal from District Court, Custer County, in the Sixteenth Judicial District; C. C. Hurley, Judge of the Seventh District, presiding.*

HENRY STEIN was convicted of violating the prohibition law, and from an order granting new trial, the state appeals. Order reversed and cause remanded, with directions to enforce judgment.

*Mr. S. C. Ford,* Attorney General, *Mr. Otto A. Gerth,* Assistant Attorney General, and *Mr. Frank Hunter,* for Appellant, submitted a brief; *Mr. L. A. Foot,* Assistant Attorney General, and *Mr. Hunter* argued the cause orally.

*Mr. Sharpless Walker,* for Respondent, submitted an original and a supplemental brief and argued the cause orally.

Where a witness upon whose testimony the state's case is dependent has been promised money by the prosecution for testifying, or where he has been arrested and imprisoned and is promised his liberty if he testifies, and those facts were unknown to the defendant at the time of trial, it is ground for a new trial when discovered and presented on motion after verdict; likewise where objection is made to a question on cross-examination and testimony is excluded as to the pecuniary interest of a prosecuting witness in the conviction of a defendant. (*People* v. *Langtree,* 64 Cal. 256, 30 Pac. 813;

*People* v. *Halpin,* 276 Ill.. 363, 114 N. E. 932; *State* v. *Carroll,* 85 Iowa, 1, 51 N. W. 1159; *Commonwealth* v. *Sacket,* 39 Mass. (22 Pick.) 394; *People* v. *Rice,* 103 Mich. 350, 61 N. W. 540; *State* v. *Lee,* 26 Minn. 262, 3 N. W. 345; *Barron* v. *Jackson,* 40 N. H. 365; *State* v. *Mulch,* 17 S. D. 321, 96 N. W. 101; 40 Cyc. 2658.)

If a juror on his *voir dire* examination denies that he is prejudiced toward the defendant, or denies that he has formed or expressed an opinion as to defendant's guilt, and later it appears by affidavits on motion for new trial that the juror's answers were not true and that he was biased and prejudiced, or that he had formed and expressed an opinion as to the defendant's guilt, and that the defendant and his counsel were ignorant of those facts and could not have discovered them with reasonable diligence, a new trial should be granted. (*State* v. *Brooks,* 57 Mont. 480, 188 Pac. 942; *State* v. *Mott,* 29 Mont. 292, 74 Pac. 728; *Territory* v. *Chartz,* 4 Ariz. 4, 32 Pac. 166; *State* v. *Wright,* 112 Iowa, 436, 84 N. W. 541; *State* v. *Woods,* 49 Kan. 237, 30 Pac: 520; *State* v. *Button,* 50 La. Ann. 1071, 69 Am. St. Rep. 470, 23 South. 868; *Commonwealth* v. *Won Chung,* 186 Mass. 231, 71 N. E. 292; *Spradlin* v. *State,* 13 Okl. Cr. 376, 164 Pac. 990; *State* v. *Lauth,* 46 Or. 342, 114 Am. St. Rep. 873, 80 Pac. 660; *State* v. *Thompson,* 24 Utah, 314, 67 Pac. 789; *Schissler* v. *State,* 122 Wis. 365, 99 N. W. 593; *State* v. *Swaford,* 88 Wash. 659, 153 Pac. 1056; 12 Cyc. 716; 16 Corpus Juris, 1154, 1159.)

Respondent is relying upon misconduct of the jury, to-wit, that three jurors qualified on their *voir dire* examination and said that they were not prejudiced against the defendant, when in fact they were prejudiced and disqualified. That a new trial will be granted where it appears that the jurors were prejudiced clearly appears from *State* v. *Brooks,* 57 Mont. 480, 487, 188 Pac. 942.

Appellant cites *Siemsen* v. *Oakland Ry.,* 134 Cal. 494, 66 Pac. 672, wherein the court holds that what a juror could not directly do, could not be indirectly done by a third person.

However, that rule has not been announced in Montana. In conflict with the California case are numerous cases; some holding that the rule denying the competency of affidavits of jurors, or the statements of jurors, applies only where it is sought to impeach a verdict because of the conduct of a juror while in the jury-room deliberating upon the verdict, and not to cases where such affidavits relate to statements or conduct of a juror outside of the jury-room; and others, holding that matters occurring even in the jury-room, but which do not essentially inhere in the verdict, are competent. (*Mattox* v. *United States,* 146 U. S. 140, 36 L. Ed. 917, 13 Sup. Ct. Rep. 50 [see, also, Rose's U. S. Notes]; *Morse* v. *Montana Ore-Purchasing Co.,* 105 Fed. 337; *Johnson* v. *Witt,* 138 Mass. 79; *Twaddle* v. *Mendenhall,* 80 Minn. 177, 83 N. W. 135; *Heffron* v. *Gallupe,* 55 Me. 563; *West Chicago St. R. Co.* v. *Huhnke,* 82 Ill. App. 404; *Maryland Gas Co.* v. *Seattle Elec. Co.,* 75 Wash. 430, 134 Pac. 1097; *Carter State Bank* v. *Ross,* 52 Okl. 642, 152 Pac. 1113; *Slater* v. *United T. Co.,* 157 N. Y. Supp. 909, 172 App. Div. 404.)

If a witness testifies in a criminal or civil proceeding, his conviction of any criminal offense may be proved for the purpose of affecting the weight or credibility of his testimony, and a conviction may be shown either by the record or by cross-examination of such witness. (Sec. 8907, Rev. Codes; *Koch* v. *State,* 126 Wis. 470, 5 Ann. Cas. 389, 3 L. R. A. (n. s.) 1086, 106 N. W. 531; *State* v. *Adamson,* 43 Minn. 196, 45 N. W. 152; *Lewis* v. *State,* 85 Miss. 35, 37 South. 497; *State* v. *Heussack,* 189 Mo. 295, 88 S. W. 21; *State* v. *Deal,* 52 Or. 568, 98 Pac. 165; *Missouri, K. & T. Ry. Co.* v. *Johnson,* 34 Okl. 582, 126 Pac. 567; *Amonett* v. *State,* 83 Tex. Crim. 587, 204 S. W. 438.)

A much stronger showing on appeal is required to set aside an order granting a motion for new trial than to justify a reversal where a new trial has been denied, for the reason that granting a new trial places the parties in their original position, while a denial of a new trial concludes their rights.

(*State* v. *Schoenborn*, 55 Mont. 517, 179 Pac. 294; *Morgan* v. *Los Angeles Pac. Co.*, 13 Cal. App. 12, 108 Pac. 735; *Ellyson* v. *Peden* (Iowa), 146 N. W. 759; *Commonwealth* v. *Metcalf*, 184 Ky. 540, 212 S. W. 434; *James* v. *Coleman* (Okl.), 166 Pac. 210; *Alderson* v. *Larson*, 28 S. D. 369, 133 N. W. 809.)

MR. COMMISSIONER SPENCER prepared the opinion for the court.

The defendant was convicted in the district court of Custer county of a violation of the prohibition law. Subsequently his motion for a new trial was granted, and the state has appealed from that order.

It appears in the evidence that at various times between January 21 and February 1, 1919, one Charles Marsant had gone to the store of the defendant in Miles City and purchased liquor. These various transactions were consummated by the ingenious method of the purchaser laying his money on the counter and the defendant placing the bottles of whisky on the floor at the end of the counter, so the purchaser could help himself, the defendant evidently figuring that if he did not hand the bottles of liquor directly to the purchaser he would thereby evade the law, even though in each instance he received the money. The defendant charged seventy-five cents for each six-ounce bottle of the liquor. On the first day of February, and after several purchases had previously been made from the defendant, the sheriff gave Marsant four dollars in silver, so marked as to be later identified, with which Marsant was to buy whisky from Stein. Marsant did buy the whisky from the defendant, and that same night, acting under authority of a search-warrant, the sheriff, with his assistants, raided and searched the store of the defendant and procured a quantity of whisky and one silver dollar, which was identified as one of the marked coins earlier given to Marsant. The record contains evidence of one other witness who testified to buying liquor from the defendant about the same time and under similar circumstances. The defendant predicated his

motion for a new trial upon the statutory grounds, but urged in particular newly discovered evidence, misconduct of the jury, and error upon the part of the court in refusing to allow him to cross-examine the state's witness Marsant as to his former conviction of a misdemeanor. The court based its order granting a new trial upon the two grounds of newly discovered evidence and misconduct of the jury. But, irrespective of the grounds upon which the trial court based its ruling, an examination of the record must be made to see if the ruling of the court below can be sustained upon any ground.

The respondent herein very earnestly contends that he was [1] deprived of a substantial right by the refusal of the court to allow him to cross-examine the state's witness Marsant as to a former conviction of a misdemeanor, and claims his privilege by virtue of the provisions of section 8907 of the Revised Codes. A cursory examination of this section appears at first to disclose a conflict with the provisions of section 8024, Revised Codes, and offers a basis for the contention of respondent. The two sections last quoted read as follows: "8024. A witness may be impeached by the party against whom he was called, by contradictory evidence, or by evidence that his general reputation for truth, honesty, or integrity is bad, but not by evidence of particular wrongful acts, except that it may be shown by the examination of the witness, or the record of the judgment, that he has been convicted of a felony." "8907. A person convicted of any offense is notwithstanding a competent witness in any cause or proceeding, civil or criminal, but the conviction may be proved for the purpose of affecting the weight of his testimony, either by the record or by his examination as such witness." More detailed investigation, however, disposes of the apparent conflict, and makes the two sections harmonious. A solution necessitates reference to the preceding sections to disclose the harmony and gather the intention of the legislature. (Rev. Codes, secs. 7875, 7876.) Section 8904 is in a measure declaratory of the ancient common-law principle that one convicted

of treason or any felony thereupon became deprived of all
civil rights. As stated by Chitty: "He is disqualified from
being a witness, can bring no action, nor perform any legal
function, he is, in short, regarded as dead in law." (See
14 C. J. 913.) Section 8905 provides that one imprisoned for
life is deemed civilly dead. These two sections have to do
wholly with the status of a convict, and, standing alone, would
deprive the felon of all of his civil rights and disqualify him
from being a witness or performing any legal function. Hav-
ing this in mind, then, the legislature enacted the following
restorative section, 8906, Revised Codes, whereby the convict
was restored to life for the purpose of conveying his property,
and with the same object in view enacted section 8907, whereby
the convict was further restored, so as to become competent
as a witness in any case, either civil or criminal, and further
providing that the conviction may be proved either by the
record or his examination as a witness for the purpose of
affecting the weight of his testimony. True, section 8907,
*supra,* says a person convicted of any offense is, notwithstand-
ing, a competent witness; but doubtless the legislature, with a
restorative purpose in mind, meant that a person convicted
of any offense which theretofore had removed his civil rights
could still be and become a competent witness, and the only
conviction which could deprive a man of his civil rights was
conviction of a felony; and hence the statute means, and what
the legislature intended was, conviction of any such offense as
would deprive one of his civil rights, or a felony. Conse-
quently, it necessarily follows that the last portion of this
section means the same thing, namely, the conviction of the
felony which deprived the man of his civil rights could be
proved either by the record or the testimony of the witness.
Section 8907 does not intend to lay down any new rule of
evidence, is wholly restorative in character and purpose, and
is entirely in consonance with the provisions of section 8024,
*supra,* which lays down the rule for impeachment, and it
neither adds to, nor detracts from, nor modifies the rule for

impeachment enunciated in section 8024. The court properly excluded the evidence of the conviction of the witness of a misdemeanor.

Respondent urges misconduct of the jury as ground for a [2] new trial, and the record contains affidavits of some of the jurymen which indicate prejudice against the defendant by which he was denied a fair trial; also the affidavits of third persons tending to substantiate the same contention. The principal third party affidavits are made by detectives from the Burns Detective Agency, and assume to detail statements made by certain of the jurymen after the trial. A portion of the affidavit of E. A. Cooper, Burns detective, is quoted as follows, and is a fair statement, as showing the nature of the substance of the affidavits pertaining to statements of other jurymen: "That the said F. L. Champ then stated that he did not know Stein personally, and had never had any business dealings with him, but that he had heard that Mr. Stein was in 'the habit of. charging an exorbitant rate of interest on money loaned, and that about a year ago a friend of his, a railroad man, had borrowed eight dollars from Stein on ·the first of the month leaving his watch as security, and that on the twentieth of the month, when he went to redeem it, he was charged two dollars interest, making a total of ten dollars, and that ever since then, he, Mr. Champ, had had no use for Mr. Stein, and that, further, he had always hated a Jew; that he was one of the jurors that recently convicted Stein on a bootlegging charge here, and that he wanted the court to allow the jury to impose sentence giving Mr. Stein the extreme penalty of the law; that Charles Marsant, the state's witness in the case, was nothing but a drunken sot, unworthy of belief, but that in his opinion Stein was guilty of the charge, and that he hoped he would get the limit of the law.

"That affiant then stated to the said Champ, 'It is a fact then that for the past year, or ever since your friend was charged two dollars interest on that eight dollar loan on his watch by Mr. Stein, you have never had any use for Stein,'

and that Champ then replied, 'I have never had any use for Stein since, and I will help you all I can to get him,' and that the said Champ further stated that, if he could find any railroad men who had borrowed money from Stein, he would get their names for affiant.''

D. F. Simmons, also a Burns detective, makes affidavit in corroboration of Cooper.

This court has said the object to be attained is controlling in **[3]** determining the character of pleadings, motions and other papers filed in an action (*Currey* v. *Butte Elec. Ry. Co., ante,* p. 146, 199 Pac. 243), and, where the object sought to be attained is the impeachment of their verdict, jurymen will not be heard to assail the integrity of their own verdict by affidavit or otherwise (*Currey* v. *Butte Elec. Ry. Co., supra*). What a juror cannot do directly he is not permitted to do indirectly. Referring to a similar condition, in which the affidavit of a third person setting forth statements made by a juror after the trial was before the supreme court of California, that court said: ''This affidavit was properly refused admission in evidence. While it is not in terms an affidavit by a juror impeaching his own verdict, it is an affidavit of admissions made by a juror to the same effect. If the juror himself would not have been permitted to make affidavit directly to these facts, clearly the affidavit by another of his declarations and admissions, offered for the same purpose, would be equally inadmissible. What the juror could not do directly could not thus indirectly be effectuated. However the rule may be in other states, it is settled in this beyond controversy that a juror may impeach his own verdict upon no other ground than that designated by the Code.'' (*Siemsen* v. *Oakland etc.,* 134 Cal. 494, 66 Pac. 672.) This statement of the rule meets with our approval, and hence the lower court was not justified in granting the new trial upon the ground of misconduct of the jury.

Respondent further undertakes to assert his right to a new **[4]** trial upon the ground of newly discovered evidence, but

his position is untenable. All of the proposed newly discovered evidence is impeaching in its character, and cumulative. The defendant produced upon the trial witnesses to impeach the state's witness, Marsant, and all of the evidence claimed as newly discovered, if produced, could have no other possible effect than to put in question further the integrity of Marsant, and to that extent would be cumulative. Again, however, this court has held that newly discovered evidence which is only for the purpose of impeachment is not sufficient, as a general rule, to warrant the granting of a new trial. (*State* v. *Belland,* 59 Mont. 540, 197 Pac. 841; *State* v. *Matkins,* 45 Mont. 58, 121 Pac. 881.) Assuming that the respondent could produce upon another trial all of his proposed newly discovered evidence, it could tend to but affect further the credibility of the state's witness Marsant and state's witness Jarman, and is therefore insufficient as a basis for a new trial. We think the lower court was in error in granting the new trial upon this ground.

We have examined the entire record herein with a view of [5] determining whether the action of the trial court could be sustained upon any ground, and are unable to find any theory upon which it can be justified. This court is always more reluctant to set aside the order of the court below in granting a new trial than in refusing the same (*Gibson* v. *Morris State Bank,* 49 Mont. 60–71, 140 Pac. 76), and yet when the motion is based entirely upon documentary evidence, as in this case, the ultimate fact as to whether or not a new trial should be granted must be determined by the court below from the dead printed record before it, under the same principle as this court reviews the case on appeal, and the fact that he may have observed the demeanor of the witnesses upon the stand is of no assistance to it in determining the merits of the motion; and upon the same principle this court will determine the propriety of the action of the lower court, and upon the same record which was before the court below.

We are unable to find substantial merit in any of the contentions of the respondent, nor does the record disclose any ground upon which the order of the court below can be sustained. We therefore recommend that the order of the trial court in granting the motion for a new trial be reversed, and the cause remanded to the district court of Custer county, with directions to enforce judgment upon the verdict of conviction.

PER CURIAM: For the reasons given in the foregoing opinion, it is ordered that the order of the lower court granting a new trial be reversed, and the cause remanded to the district court of Custer county, with directions to enforce judgment upon the verdict of conviction.

Rehearing denied September 26, 1921.

